(18 App. Div. 175.)

### TAYLOR v. BELL & BOGART SOAP CO.

(Supreme Court, Appellate Division, Second Department. June 8, 1897.)

ACTION ON CONTRACT—DEFENSES—USE OF FICTITIOUS FIRM NAME.

    That plaintiff transacted business under a fictitious firm name, in violation of Laws 1886, c. 262, is no defense to an action for breach of a contract to purchase goods, defendant not having given credit, or been misled to his injury by the false designation.

Appeal from special term.

Action by Eugene Minor Taylor against the Bell & Bogart Soap Company to recover for breach of contract. From a judgment of the special term sustaining a demurrer to one defense, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Francis M. Eppley, for appellant.
Frederick T. Hill, for respondent.

GOODRICH, P. J. The complaint alleges that one Hugh Hill, doing business under the firm name of Edward Hill's Son & Co., made a contract with the defendant to sell certain merchandise; that the defendant failed to take some of the merchandise; and that Hill suffered damage, to recover which this action is brought. Hill assigned the cause of action to the plaintiff. The defense to which the demurrer was interposed sets up that the name of Edward Hill's Son & Co. was fictitious, and that Hill was transacting business in violation of chapter 262 of the Laws of 1886. The answer did not allege that the defendant was induced by the use of such firm name to give any credit, or that it was misled to its injury by the use of the fictitious firm name. The question raised by the demurrer has already been decided by the court of appeals in the case of Gay v. Seibold, 97 N. Y. 472, where the subject was fully discussed, and ·the court held that, as no credit was given to, and no reliance placed upon, the false designation, the intention of the statute should be taken into consideration, and that the case was not within the purpose or intent of the statute, and that the use of the fictitious name was not a defense to an action upon a bond given to the fictitious firm.

The judgment is affirmed. All concur.