(25 Misc. Rep. 742.)

### McLEAN v. WOHLTJEN.

(Supreme Court, Appellate Term. January 23, 1899.)

1. ACTION ON GUARANTY—USE OF FICTITIOUS FIRM NAME—DEFENSES.

That a plaintiff is doing business under a fictitious firm name, in violation of Laws 1886, c. 262, is no defense to an action to recover of defendant, as guarantor of a lease, unless it is alleged that the latter was induced by the use of the fictitious name to give the guaranty.

2. SAME.

Where by a lease and a guaranty the whole amount unpaid in case of default is to become due, and on demand, it is no defense to an action against guarantor that the property was returned and was in possession of lessor, where the latter has placed it at the disposition of the guarantor, in accordance with the lease.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Durant McLean against John Wohltjen. There was a judgment for defendant, and plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

A. R. Bunnell, for appellant.

E. L. Abbett, for respondent.

GILDERSLEEVE, J. The plaintiff carried on the business of selling and leasing bicycles, under the name of Durant McLean & Co. The designation "& Co." did not represent any partner, as required by the statute. Laws 1886, c. 262, amending Laws 1833, c. 281. One McElvinney leased a bicycle of the plaintiff, and executed the following contract, viz.:

"This certifies that I have this day rented from Durant McLean & Co. the following property, one Crawford bicycle, * * * to hold for a term of fifty weeks from the date of this instrument; and for the use and depreciation of said property I hereby agree to pay to said company fifty-five dollars for the whole term, as follows: Five dollars cash, and one dollar on the Monday

of each week thereafter, until the full amount is paid, at the office of said company. * * * I further agree * * * that, if any failure shall be made in any of the within-stated conditions, covenants, or agreements, then such part of the whole sum provided to be paid under this instrument as shall, at the time of such failure, be still unpaid, shall be due and payable, without demand."

Indorsed upon this contract is the following guaranty, executed by the defendant, viz.:

"In consideration of one dollar, to me in hand paid by Durant McLean & Co., the receipt of which I hereby acknowledge, I hereby guaranty the within payments; and, in case of default on the part of the within lessee, I agree to make said payments, on demand, to said Durant McLean & Co., with the understanding that, in the event of my being called upon to pay the final payment, the said bicycle shall become my personal property."

The said McElvinney, after the third payment, defaulted, and notified the plaintiff that he could make no further payments. Previous to this, he had returned the bicycle to have some repairs made. Upon such default in payment and notification, the plaintiff made a demand upon the guarantor for the $47 that had become due, under the terms of the contract, as above set forth, from the lessee, upon his default; and plaintiff notified defendant that he held the bicycle at the latter's disposition. The defendant would neither pay nor take the bicycle, and plaintiff brought this action to recover the $47 so due under the contract. The pleadings were oral. The complaint is for "breach of contract," and the answer is a "general denial." At the end of plaintiff's case, the defendant made a motion to dismiss the complaint, on the ground "that it affirmatively appeared that plaintiff was doing business under the name of Durant McLean & Co., without first having filed a certificate in the county clerk's office, as required by law; and, furthermore, that this is a lease, and, the property having been returned, and now kept in plaintiff's possession, he cannot sue to recover the value of it." This motion was granted, and the complaint was dismissed. The statute in question, above cited, is as follows, viz.: "No person shall hereafter transact business in the name of a partner, not interested in his firm, and when the designation 'and Company,' or 'and Co.,' is used, it shall represent an actual partner or partners." It has been held, however, that the fact that a vendor, in making a sale, has transacted business under a fictitious name, does not constitute a defense, under this statute, to an action brought by him against the vendee, to recover for a violation of the contract of sale, where the answer does not allege that the vendee was induced by the use of the fictitious firm name to give credit, or was otherwise misled to his injury by such use. See Taylor v. Soap Co., 18 App. Div. 175, 45 N. Y. Supp. 939. The same principle applies to the case at bar. There is no such allegation in the record before us. It therefore appears that the first ground upon which the motion was made to dismiss the complaint was not well taken. As to the second ground, it is clear, from the terms of the contract of lease and guaranty, that, upon the lessee's default, the whole amount, then unpaid on such lease, became due, without demand, from the lessee, and that the defendant agreed to pay such amount, upon a demand. The evidence shows that the demand was made, and the bicycle placed at the disposition of the defendant,

according to the terms of the contract. The bicycle, as we have stated, had been returned by the lessee for some repairs, and the lessee subsequently refused to take it back, or pay any more rent on the contract. The reason given by the lessee for such refusal appears to have been that he could not pay any more rent. The plaintiff performed his part of the contract in offering the bicycle to the guarantor, telling him that he could take it any time he wanted it. He also offered to sell it for the guarantor, and credit him, on account, with the proceeds of the sale. This offer, however, was declined by the defendant. The plaintiff was not bound to throw the bicycle into the street, or force it upon the guarantor. It must be said, therefore, that the second ground upon which the dismissal of the complaint was based was without merit. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.