The trial court directed a verdict for the plaintiffs for the amount claimed, together with interest thereon from the time the money was received by the defendant's testator, and defendant has appealed.

I am of the opinion that a consideration of the whole instrument above quoted clearly indicates that the intent of the father in giving the $2,961 to his son was that it should be treated as an advancement to the son unless the executors or administrators of the father's estate should elect to treat it as a debt, and if they did so elect, then the son should be obligated to pay it. This is what the son agreed to do. He says:

"I further agree that the same may be held as a debt due by me to the estate of said Christopher Swezey, if the executors' or administrators of such estate desire to treat the same as a debt. * * *"

They did elect to treat it as a debt, as is evidenced by the bringing of this action; and therefore they were entitled to recover the sum which the father let the son have, together with interest thereon from the time the election was made, and notice of that fact was given, and a demand made for payment. There is nothing in the record to show the exact time the election was made, other than the date appearing on the summons—November 24, 1899. Taking that date, therefore, as the time when the executors made the election, the plaintiffs were only entitled to recover the sum of $2,961, together with interest thereon from that date. They have, however, been permitted to recover such sum, together with interest from the time the money was given by the father to the son, and to this extent we are of the opinion the judgment is erroneous.

The judgment appealed from, therefore, must be modified by reducing the judgment as entered to the sum of $3,617.34, and, as thus modified, should be affirmed, without costs to either party. All concur, except LAUGHLIN, J., who dissents.

---

### VANDERGRIFF v. BERTRON et al.

(Supreme Court, Appellate Division, Fourth Department.   May 5, 1903.)

1. MECHANICS' LIENS—EXECUTED CONTRACTS—VALIDITY—DESIGNATION OF FIRM NAME.

In an action to enforce a mechanic's lien for work done in pursuance of executed contracts for railroad construction, the fact that plaintiff, who was alone interested, designated himself in the contracts as "V. & Co.," which was made a criminal offense by Pen. Code, § 363, did not deprive him of his right to enforce his lien.

2. SAME—ASSUMPTION OF LIABILITIES.

Where plaintiff sued to enforce a mechanic's lien for railroad construction work done under certain written contracts with a syndicate composed of defendants, and for a balance due for additional work performed at the syndicate's request after the written contracts had been performed, and it did not appear that the railroad companies who had assumed the syndicate's liabilities under the contracts had also assumed the liability for the extra work, defendants were not thereby relieved from personal liability for such extra work.

3. SAME—CONDITIONS PRECEDENT—PERFORMANCE—ALLEGATIONS.

Under Code Civ. Proc. § 533, providing that in pleading a condition precedent it is not necessary to state facts constituting performance, but

the party may state generally that he has duly performed all the conditions on his part, a complaint on a contract for railroad construction, alleging' that plaintiff has duly fulfilled and performed all the conditions of the contract on his part to be performed, was sufficient without a specific allegation that the work had been done and accepted by defendants' engineer, as required by the contract.

Appeal from Special Term, Chautauqua County.

Action by James N. Vandergriff against Samuel Bertron and others. From a judgment overruling demurrers to the complaint, defendants appeal. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Frank W. Stevens, for appellants.
Frederick W. Park, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs, with leave to the defendants to plead over upon payment of the costs of the demurrers and of this appeal.

The action is to enforce a mechanic's lien upon the property of the railroad companies, defendants. The lien is for work, labor, and materials furnished in the construction of a railroad. Personal judgment is demanded against the other defendants, who are called a "syndicate," and who originally made the contracts with the plaintiff for the construction of the railroad. The lien is for two claims— one for $49,597.24, balance due under three written contracts; and the other for $57,224.04, balance due for additional work done at the request of the syndicate after the written contracts had been fully performed. The demurrer is on the ground that the complaint does not state facts sufficient to constitute a cause of action. In making the contracts, the plaintiff, who was alone interested, used the designation "Vandergriff & Co.," and the defendants claim that this was a crime under section 363 of the Penal Code, which rendered the contracts illegal and void, and that the plaintiff can recover nothing for the labor and materials furnished thereunder, and cannot enforce the lien therefor. This contention cannot be sustained. The contracts are not executory, but executed ones. The labor and materials have been furnished, and the defendants have had the full benefit thereof. In such a case the law is too well settled to be questioned that under the old statute or the Penal Code the plaintiff is entitled to recover and to enforce his lien. Gay v. Seibold, 97 N. Y. 472, 49 Am. Rep. 533; Taylor v. Bell & Bogert Soap Co., 18 App. Div. 175, 45 N. Y. Supp. 939; McLean v. Wohltjen, 25 Misc. Rep. 742, 55 N. Y. Supp. 632; Sinnott v. Ger. Am. Bank, 164 N. Y. 386, 58 N. E. 286.

It is further claimed by the syndicate that they are not liable to any personal judgment, because the contracts have been assigned by them to the railroad companies, the companies have assumed all the liabilities of the syndicate under the contracts, and the syndicate has been released therefrom. While this may be true as to that portion of the claim based upon the contracts, it does not appear to be true as

to the part for labor and materials furnished at the request of the syndicate after the contracts had been fully performed.

It is also claimed that the complaint is defective in failing to allege that the work was done to the satisfaction of the engineer of the defendants, and was accepted by him; such acceptance being a condition precedent to a recovery under the terms of the contract. Section 533 of the Code of Civil Procedure, however, provides that in pleading a condition precedent in a contract it is not necessary to state facts constituting performance, but the party may state generally that he, or the person whom he represents, duly performed all the conditions on his part, and, if that allegation is controverted, he must, on the trial, establish performance. The pleading alleges all that is essential under this provision. The allegation is that the plaintiff "has duly fulfilled and performed all the conditions of the said contracts on his part to be performed," etc.

The trial court properly disposed of the case.

Interlocutory judgment affirmed, with costs, with leave to the defendants to plead over upon payment of the costs of the demurrer and of this appeal. All concur.

---

## HARVEY v. ARNOLD et al.

(Supreme Court, Appellate Division, Third Department. May 6, 1903.)

1. BANKS—DEPOSITS—TITLE—EVIDENCE—SUFFICIENCY.

Defendant, who had numerous judgments against him, entered into a verbal agreement with his mother, by which he was to conduct a business in her name, and in pursuance of which he ordered goods as agent, and opened an account in the bank in his name as agent. On his mother's death her property was left to a trustee for defendant's benefit, and he continued in the business under an agreement with the trustee similar to that had between himself and his mother, during the course of which he accumulated considerable property, conducted many transactions in his own name, had stationery printed in his own name, deposited money in the bank accruing from his business dealings, the proceeds of which he mingled with those resulting from his business as agent, and on which he drew for current bills and for such individual expenditures as suited his convenience, and made no reports of his transactions to the trustee. *Held*, that the legal title to the money deposited in the bank was in defendant.

2. CONTEMPT—VIOLATION OF ORDER IN SUPPLEMENTARY PROCEEDINGS.

A defendant in supplementary proceedings, who uses money to his credit on deposit in bank in violation of the usual injunctive order, is guilty of contempt.

Appeal from Special Term, Montgomery County.

Action by Elmer T. Harvey against William A. Arnold and another. From an order adjudging defendant Arnold in contempt of court, and imposing a fine upon him, he appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Nisbet & Hanson (C. S. Nisbet, of counsel), for appellant.
Charles E. Hardies, for respondent.

¶ 2. See Execution, vol. 21, Cent. Dig. § 1199.