(41 Misc. Rep. 42.)

### DOYLE v. SHUTTLEWORTH.

(Supreme Court, Special Term, New York County.　June, 1903.)

1. GOODS SOLD—ACTION FOR PRICE—DEFENSES.

　　Plaintiff, who has carried on business under an assumed firm name, in violation of Pen. Code, § 363b, and not having filed a certificate thereunder, may recover of a debtor for goods sold and delivered.

2. SAME—PLEADING.

　　Where, in an action to recover for goods sold, the complaint also alleged that defendant agreed to release plaintiff from all claims and demands, present or future, arising out of such transactions, such portion of the alleged agreement is executory, and may be rejected as surplusage.

　　Action by Alexander Doyle against Edwin Shuttleworth. Demurrer to defense. Sustained.

　　Robert L. Stanton, for plaintiff.
　　Phillips & Avery, for defendant.

　　SCOTT, J. The complaint contains two causes of action. The first is for a certain quantity of limestone alleged to have been sold and delivered to defendant at an agreed price. The contract thus sued upon seems to have been wholly executed, and the allegations are in the form usually adopted in an action for goods sold and delivered. The second cause of action also seeks a recovery for limestone alleged to have been sold and delivered, but is phrased in an unusual form. It states that on a certain date the plaintiff and defendant entered into an agreement whereby the defendant agreed, among other things, in consideration of plaintiff's delivering to said defendant a certain quantity of limestone, to pay plaintiff therefor within 60 days a certain price, and further to pay the amount claimed to be due under the first cause of action, and further to waive and release said plaintiff from any and all claims and demands, if any, said defendant might then or in the future have or claim to have against said plaintiff by reason or arising out of the said transactions, or in any way connected therewith. It is then alleged that plaintiff caused the limestone to be delivered to defendant, and fully carried out all the conditions of said agreement by him to be performed. So far as concerns the sale and delivery of the limestone, this cause of action appears to set forth an executed contract, but so far as concerns the waiver and release of all claims or demands on the part of defendant against the plaintiff the contract remains executory. Among other defenses, the defendant, as a defense to both causes of action, asserts, by apt and sufficient allegations, that at the time of making the contracts the plaintiff was carrying on business in this state in violation of section 363b of the Penal Code, in that, while the only person so conducting such business was the plaintiff Alexander Doyle, he was carrying it on under the name or style of George Doyle & Co., and that he had not filed the certificate required by said section. To this defense plaintiff demurs. The statutes of this state have for many

¶ 1. See Partnership, vol. 38, Cent. Dig. § 60.

years forbidden any one to transact business in the name of a partner not interested in the firm, or to use as a part of the firm name the words "and Company," or "and Co.," unless they shall represent an actual partner or partners. Laws 1833, p. 404, c. 281; Pen. Code, § 363. It has been repeatedly held that the mere fact that a plaintiff had carried on his business in violation of the statutes would not prevent his recovery upon an executed contract. Gay v. Seibold, 97 N. Y. 472, 49 Am. Rep. 533; Sinnott v. German-American Bank, 164 N. Y. 386, 58 N. E. 286; Taylor v. Bell & Bogert Soap Co., 18 App. , Div. 175, 45 N. Y. Supp. 939; McLean v. Wohltjen, 25 Misc. Rep. 742, 55 N. Y. Supp. 632; Vandergriff v. Bertron (Sup.) 82 N. Y. Supp. 153. The defendant contends that all these authorities have been rendered inapplicable by reason of the provisions of section 363b of the Penal Code added by chapter 216, p. 452, Laws 1900. This section, however, adds nothing to the prohibition contained in the preceding statutes. It still forbids the use of a fictitious firm name, and makes the violation of the act a misdemeanor. In this regard it merely re-enacts in somewhat more explicit language the prohibition of the earlier statute. The fact that it also opens the door to such use by the filing of a certificate adds nothing to the force of the prohibition against such use where a certificate has not been filed. The use of such a firm name was unlawful when the cases above cited were decided, and they were so decided in the face of, and in spite of, such admitted illegality. The authorities cited by defendant, wherein unregistered plumbers and physicians have been defeated in their attempts to collect for work actually done, are not in point. As shown in Gay v. Seibold, supra, the statute here relied upon is a highly penal one, and it is a rule peculiarly applicable to the construction of such statutes that a thing within the letter of the statute is not within the statute unless within the intention thereof. The purpose of the statute against the use of false firm names is to protect persons giving credit to the firm or individual in reliance upon the false ' designation, and can have no application where the credit is given by, and not to, the person using such designation. The purpose of the statute requiring plumbers and physicians to procure and file the requisite certificate before practicing their calling or profession is to protect the community against unqualified and incompetent persons. To permit them to recover for work done or services rendered in violation of the law would defeat its purpose and destroy its efficacy. So far, then, as the defense demurred to is interposed to the first cause of action, it must be held, on principle and authority, to be insufficient.

I think that it is also insufficient as to the second cause of action. It is true that there is embraced in the statement of that cause of action an allegation that the defendant agreed to waive and release plaintiff from any and all claims and demands, if any, which defendant might then or in future have against the plaintiff. This portion of the alleged agreement between the parties is executory, and the defendant may have been induced to make it in reliance upon the apparent partnership between plaintiff and George Doyle. This allegation, however, may be rejected as surplusage. It is not essential to the cause of action, which is complete without it, but appears to have been inserted

m anticipation of a defense or counterclaim. My conclusion is that the demurrer to the defense must be sustained, with costs.

Demurrer sustained, with costs.