Adolph Loeb, Respondent, *v.* The Firemen's Insurance Company of Baltimore, Appellant.

*Insurance — a policy insuring a firm may be enforced by one member thereof who has succeeded to the rights of his copartner in the insured property and the policy — the fact that he illegally uses the word " company " does not prevent a recovery by him.*

Where a policy of fire insurance was issued to "Adolph Loeb & Company, as now or as the firm may be hereafter constituted," at a time when the firm consisted of Adolph Loeb and Leon Platky, the fact that during the term of the policy the firm was dissolved and that Platky transferred to Loeb his interest in the insured property and the policy of insurance, and that for less than a month intervening the dissolution of the partnership and the destruction of the insured property by fire, Loeb continued to transact business under the name of "Adolph Loeb & Co." in violation of the statutes of the State of New York relative to the use of names containing the word "Company," will not prevent him from recovering upon the policy of fire insurance notwithstanding a provision therein that the policy shall be void "if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance."

Appeal by the defendant, The Firemen's Insurance Company of Baltimore, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of May, 1902, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining the plaintiff's demurrer to the second separate defense contained in the amended answer.

*Donald McLean,* for the appellant.

*Albert W. Venino,* for the respondent.

Ingraham, J.:

The action is brought to recover upon a policy of fire insurance whereby the defendant insured "Adolph Loeb & Company, as now or as the firm may be hereafter constituted for the term of one year from the 6th day of June, 1901, at noon, to the 6th day of June, 1902, at noon, against all direct loss or damage by fire" of the property described to an amount not exceeding $1,000. The complaint alleges that on the 6th day of August, 1901, while the policy of insurance was in force, the property insured to the extent of $1,497.55 was destroyed by fire; that at the time of the issuance of the said policy until the dissolution of the copartnership between the plaintiffs the insured had an interest in the property insured as sole owners thereof; and since the said dissolution until the said fire, hereinafter mentioned, the said plaintiff had an interest in the property insured as sole owner thereof. The policy which is annexed to the complaint contains a provision that the entire policy shall be void "if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise; or if this policy be assigned before a loss," and that "wherever in this policy the word 'insured' occurs, it shall be held to include the legal representative of the insured." As a separate defense the answer alleges that when the policy was issued the firm of Adolph Loeb & Co. consisted of Adolph Loeb and Leon Platky; that "in or about the latter part of July, 1901, in pursuance of an agreement for the dissolution of the said copartnership of Adolph Loeb & Company, * * * the said Leon Platky duly assigned and transferred all his right, title and interest in and to said firm and all its assets, including the policy of insurance hereinafter mentioned, to the plaintiff, Adolph Loeb, and that the said Adolph Loeb thereupon became the owner of the said business and all its assets, including the policy of insurance hereinafter referred to;" that on August 6, 1901, the fire took place in the premises No. 497 West Broadway in the city of New York, in which "certain goods

then in the possession of and belonging to and used by the said alleged firm of Adolph Loeb &. Company, and which at the said time was composed only of Adolph Loeb and no other partner or partners who were represented by the words ' & Company ' " were destroyed or damaged. The clause in the policy that it "shall be void, * * * if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance " is then set out, and it is alleged that the agreement for the dissolution of the copartnership was made without the knowledge or consent of the defendant, and that by reason of the dissolution of the said copartnership of Adolph Loeb & Co. and the transfer and assignment to said Adolph Loeb, the plaintiff herein, of the property, assets and business of the said copartnership, and of the said policy of insurance in or about the month of July, 1901, there was no legal firm of Adolph Loeb & Co., and after the dissolution of the original firm of Adolph Loeb & Co. the terms of the policy mentioned in the complaint herein did not apply to any of the goods, properties, assets or business of the said firm of Adolph Loeb & Co. by reason of its carrying on and transacting business illegally and contrary to the law and statutes of the State of New York, and the policy of insurance herein then and there immediately terminated, became null and void; the policy applying by its terms and conditions only to a firm the successor of the original firm of Adolph Loeb & Co. which should be legally constituted and carrying on its business not contrary to the laws of the State of New York, but with full compliance therewith. To this defense the plaintiff demurred, and the demurrer was sustained.

This policy was by its terms to apply to the property owned by the copartnership of Adolph Loeb & Co. notwithstanding any change in that firm. So long as the title of the property insured remained the property of the firm of Adolph Loeb & Co., as that firm was then constituted, or as that firm might be thereafter constituted at any time during the year the policy was to be in force, and this defense is based upon the dissolution of the copartnership prior to the fire and the transfer of the assets of the copartnership to the remaining partner, and that the plaintiff having carried on and transacted under the firm name of Adolph Loeb & Co. the business before carried on by the insured in violation of the law, was not a

firm within the provisions of this policy. At the time of the fire the plaintiff was the owner of the property and carried on the business as the direct successor of the firm of Adolph Loeb & Co., the insured.

At common law a partner who had acquired the rights of his copartners to carry on a business established under a firm name would have the right to carry on that business. (*Caswell* v. *Hazard,* 121 N. Y. 484.) The statute that is relied upon to modify this rule is chapter 281 of the Laws of 1833, as amended by chapter 262 of the Laws of 1886. As originally enacted, section 1 of chapter 281 of the Laws of 1833 provided that "No person shall hereafter transact business in the name of a partner not interested in his firm, and when the designation ' and Company ' or ' & Co.' is used it shall represent an actual partner or partners;" and section 2 of the act makes a violation of the statute a misdemeanor. In 1881 section 363 of the Penal Code was passed which provided that any person who transacts business using the designation " and Company " or " & Co." when no actual partner or partners are represented thereby is guilty of a misdemeanor. Under the provisions of these two acts it was held in a series of cases that a violation of either of these statutes was not a defense to an action brought to recover upon an obligation due to the person violating it. In *Gay* v. *Seibold* (97 N. Y. 472) Judge EARL says: " To violate this statute, the designation ' and Company ' or ' & Co.' must be used in the transaction of some business. The purpose of the statute was obviously to protect persons giving credit to the fictitious firm on the faith of the fictitious designation. It could have had no other purpose. It was not needed to protect those who obtained credit from such a firm. Although one may be doing business generally in violation of this statute, a violation thereof may not be predicated of any transaction in which the false designation is not used, and an indictment under the statute cannot be based upon such a transaction."

Upon this principle it would seem to follow that a person dealing with a copartnership doing business in violation of this statute could only take advantage of such a violation when the person violating it used the false designation in the particular transaction out of which the controversy arose. These cases arose under the statute as it existed prior to the amendment of 1886, but that amendment

did not affect this proposition. It is still only in a case where the person doing business under a firm name makes a contract using a firm name in violation of the statute that such violation is available. The amendment of 1886 added to section 1 of the act of 1833 these words, "but a violation of this section shall not be a defense in an action or proceeding brought by an assignee for the benefit of creditors, or by a receiver of the property of, or by an executor or administrator of a person who has violated the same." The effect of this amendment was to limit the operation of the statute, not to extend it to a case to which it was not before applicable.

In *Sinnott* v. *German-American Bank* (164 N. Y. 386) the statute as amended was considered. There the plaintiff sought to avoid a sale made to a person doing business under a firm name to which the words " & Co." were added when, in fact, there was no company; but it was held that this provision being a penal statute was to be strictly construed, and assuming that this violation disabled the person violating it from enforcing the performance of an executory contract, the statute had no application to an executed agreement. In *Taylor* v. *Bell & Bogart Soap Co.* (18 App. Div. 175) the second department held that where no credit was given and no reliance was placed upon the false designation the object of the statute should be considered and the case was not within its purport or intent. The statute provides a penalty for its violation, and there is nothing to show that it was the intention to impose upon an individual violating its provisions a confiscation of his property, or to prevent him from enforcing obligations of others.

Applying this rule, it seems to me that a violation of this statute by the plaintiff afforded no defense to an action on the policy. The defendant insured the property of "Adolph Loeb & Company as now or as the firm may be hereafter constituted" for the term of one year. The change in the firm by the elimination of one partner left the remaining partner as constituting the firm of Adolph Loeb & Co., the owner of the goods insured, and he continued the owner of the goods until the fire. It is not alleged that the withdrawal of one member of the firm in any way increased the risk, and the fact that during a short period the plaintiff carried on the business in violation of the statute could have no possible effect upon the risk or the liability of the defendant under the policy. It was the

firm of Adolph Loeb & Co., however constituted, that was insured by the defendant, and at the time of the fire the plaintiff alone was that firm, and sustained the damage that was insured against.

I think, therefore, the judgment appealed from should be affirmed, with costs, with leave to the defendant to amend the answer on payment of costs in this court and in the court below.

VAN BRUNT, P. J., O'BRIEN, McLAUGHLIN and HATCH, JJ., concurred.

Judgment affirmed, with costs, with leave to defendant to amend answer on payment of costs in this court and in the court below.