IRVING P. LOVEJOY, Respondent, *v.* CHARLES WEIL, Appellant.

APPEAL by the defendant from a judgment rendered in favor of the plaintiff in the Municipal Court of the city of New York, eleventh district, borough of Manhattan.

J. Charles Weschler, for appellant.

Thomas W. McKnight, for respondent.

SCOTT, J. The statute (Laws of 1901, Chap. 128), which the defendant invokes as a defense in this case is a highly penal one and must be strictly construed (Gay v. Seibold, 97 N. Y. 472); and, as said in Imperato v. Wasboe, 47 Misc. Rep. 150, " without the insertion of any terms which are not essential to its reasonable interpretation." It is unreasonable to suppose that the Legislature intended the act to apply to leases of real property. It is true that section 240 of the Real Property Law contains a definition of what is included in the term " real property " which would embrace a lease similar to the one procured by the plaintiff; but such definition is limited to the term " real property *as used in this article* " and the article referred to (Article VIII) has reference to the recording of instruments affecting

real property only, and the statute referred to (Chap. 128, *supra*) cannot, by reason of anything contained in that section, be construed as having reference to leases of property for a term exceeding three years.

BISCHOFF and FITZGERALD, JJ., concur.

Judgment affirmed, with costs.