## KRAM v. SHYEV.

(Supreme Court, Special Term, New York County.   November 25, 1907.)

PARTNERSHIP—DISSOLUTION—USE OF FIRM NAME.

> Laws 1897, pp. 561, 562, c. 420, §§ 20, 21, provide that on the dissolution of a partnership, and the continuance of the business by a new firm composed of some of the old members, the new firm may continue to use the partnership name under certain circumstances by filing with the county clerk a certificate containing the names and places of residence of the persons composing the new firm, etc., and publishing the same in a newspaper.   *Held*, that such act is not solely for the benefit of persons giving credit to the new firm, but is also for the benefit of the retired members of the old firm who are entitled to restrain the continuing partner from using the old firm name without complying with the statute.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 476.]

Bill for injunction by Harry Kram against Joseph Shyev.   Writ granted on condition.

Eugene Cohn & Julius Levy (Eugene Cohn, of counsel), for the motion.

Isaac Fromme, opposed.

GIEGERICH, J.  This is an application for an order restraining the defendant from listing the name of the plaintiff in any combination with his own name in any directory, or otherwise employing the plaintiff's name in connection with the business carried on by the defendant.   The plaintiff and the defendant, up to June 1, 1903, were copartners dealing in bonnet wire under the firm name "Kram & Shyev," on which day the defendant purchased the good will and assets of the business, and for some time thereafter he used as a busi-

ness sign the following: "Joseph Shyev, Successor to Kram & Shyev," and also used the same style upon his stationery. About a year after the dissolution he discontinued all reference to the former firm of Kram & Shyev, both upon his signs and stationery, using his own name alone; but he did continue to have inserted in the telephone directory the following: "Kram & Shyev, Bonnet Wire," with his street and telephone number added. He claims that this is only for the convenience of a few customers of the old firm who might occasionally forget the change in the name of the business. The plaintiff carries on a business in the same line, and in the telephone directory his name appears third from that of the old firm name, with a designation of the same line of business, namely bonnet wire. That the defendant, as purchaser of the good will and assets of the copartnership, would be entitled to continue to use the firm name upon compliance with the statute (chapter 420, §§ 20, 21, pp. 561, 562, Laws 1897) is established by Slater v. Slater, 175 N. Y. 143, 67 N. E. 224, 61 L. R. A. 796, 96 Am. St. Rep. 605. On behalf of the defendant it is insisted, first, that the acts complained of do not constitute a continuance of the copartnership name within the meaning of the statute; and, second, even if they do, the plaintiff is not entitled to complain, as the sections of the statute in question were enacted solely for the benefit of persons giving credit to the assumed firm. This does not seem to be the fact, however. In Slater v. Slater, just cited, the court observed that the purchaser is required by the statute to make the real facts a matter of public record from which it will appear who the members of the firm are, and that no legal liability can attach to the survivor from any dealings between the purchaser of the firm name and third parties or the public. The court further observed that the survivor could not be held liable in any sense for the debts or obligations of the parties who transact business under the firm name, and that the principal purpose of the statute was to render such a result impossible. From this I think it is apparent that the outgoing partner is so interested in the matter that, for the purpose of being freed from any liability that might otherwise attach to him in favor of third persons who deal with the plaintiff under the old firm name, he is entitled to insist that the defendant shall either cease hereafter to list his telephone and business number under the style of the former firm or comply with the statute.

If proof is submitted within five days after the publication of this memorandum of such compliance, the motion will be denied, without costs; otherwise it will be granted, with $10 costs.