for the period of five years, the outgoing partner to have no voice in the management of the affairs of the business except as provided, as stated, for the termination by the death of one of the members, and to have no share in the profits derived from the business in which his capital is at risk and to receive only interest thereon for the use thereof. In view of these unusual provisions, and of the indefiniteness of the evidence with respect to the duties that it was expected would be performed by the defendant, and of the fact that the evidence does not clearly and satisfactorily show that at the time of the trial the defendant was unable to perform the duties which it was contemplated would be performed by him when the copartnership agreement was made, I concur in reversing the judgment and granting a new trial.

INGRAHAM, P. J., concurs.

---

(70 Misc. Rep. 532.)

BLACK v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Term. February 9, 1911.)

1. PARTNERSHIP (§ 64*)—UNAUTHORIZED USE OF PARTNERSHIP NAME—PENAL STATUTES.

Laws 1833, c. 281, making it a misdemeanor for a sole trader to use the partnership designation "and company," being a penal statute, must be strictly construed.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 87–91; Dec. Dig. § 64.*]

2. PARTNERSHIP (§ 64*)—USE OF "AND COMPANY"—EFFECT.

Since Partnership Law (Consol. Laws, c. 39) § 22, prohibiting a sole trader from using the partnership designation "and company," provides no forfeiture or disability for a violation, it is no defense to an action on a life policy by an individual assignee, suing as "B. & Company."

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 87–91; Dec. Dig. § 64.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Henry M. Black, trading as H. M. Black & Company, against the New York Life Insurance Company. Judgment for defendant, and plaintiff appeals. Reversed, and judgment for plaintiff ordered.

See, also, 126 N. Y. Supp. 334.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Reeves, Todd & Swain, for appellant.
George W. Hubbell, for respondent.

DELANY, J. The facts were stipulated. The New York Life Insurance Company, the defendant, had issued a policy to one Brons, and by later indorsements thereon converted it into paid-up insurance for $315, which sum was due and payable September 14, 1910. In April, 1908, said Brons and his wife assigned their interest in the policy to H. M. Black & Company, and defendant by indorsement upon the assignment admitted service of duplicate on April 11, 1908.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At the time of assignment plaintiff was the sole party conducting business as said "H. M. Black & Company," and the words "& Company" did not represent any individual. Plaintiff had not filed the certificate required by statute until July, 1910. Demand was made for payment, and defendant refused, claiming the assignment was illegal, because of the failure of plaintiff to file the certificate. The assignor, Brons, acknowledged that he had no claim to the money.

The question herein raised is not a new one, although the compilation known as the "Consolidated Laws" appears to furnish the basis of its interjection now where a portion of the pre-existing statute has been transferred to the Penal Law and a portion to the Partnership Law. The law has a history beginning in 1833. It appears as chapter 281 of the Laws of 1833, and reads as follows:

"Section 1. No person shall hereafter transact business in the name of a partner not interested in his firm and where the designation 'and Company' or 'and Co.' is used it shall represent an actual partner or partners.

"Sec. 2. Any person offending against the provisions of this act shall upon conviction thereof be deemed guilty of a misdemeanor and be punished by a fine not exceeding $1,000."

Here we have a penal statute, and, eliminating any other objection to it, it should be strictly construed in favor of the one against whom it is invoked. Gay v. Seibold, 97 N. Y. 472, 49 Am. Rep. 533; Lovejoy v. Weil, 48 Misc. Rep. 611, 95 N. Y. Supp. 552; Sinnott v. German-American Bank, 164 N. Y. 386, 58 N. E. 286. It did not take the courts long by construction and interpretation to take from it any efficiency, except against one who designed to use such name to deceitfully procure credit or injuriously mislead people by means of it. A long line of judicial opinions and decisions seems to have fixed the legal meaning and scope of the statute. Gay v. Seibold, 97 N. Y. 472, held that it was intended "to protect persons giving credit on the faith of a fictitious designation, not to protect those obtaining credit from such a firm," and this view persisted whenever the question arose. Taylor v. Bell & Bogart Soap Co., 18 App. Div. 175, 75 N. Y. Supp. 939; Sinnott v. German-American Bank, supra, 164 N. Y. 391, 58 N. E. 286; Loeb v. Firemen's Ins. Co., 78 App. Div. 113, 79 N. Y. Supp. 510; Kennedy v. Budd, 5 App. Div. 140, 39 N. Y. Supp. 81; Vandergrift v. Bertron, 83 App. Div. 548, 82 N. Y. Supp. 153; McLean v. Wohltjen, 25 Misc. Rep. 742, 55 N. Y. Supp. 632; Doyle v. Shuttleworth, 41 Misc. Rep. 42, 83 N. Y. Supp. 609.

The statute of 1833 was amended by chapter 262, Laws of 1886, which read:

"No person shall hereafter transact business in the name of a partner not interested in his firm, and when the designation 'and Company' or 'and Co.' is used, it shall represent an actual partner or partners; but a violation of this section shall not be a defense in an action or proceeding brought by an assignee for the benefit of creditors or by a receiver of the property of or by an executor or administrator of a person who has violated the same."

The amendment, however, did not seemingly change the attitude of the courts towards the statute; for a later case, not within the exception raised, held that the pleading setting up the doing of business

under an assumed name and the failure to file certificate is demurrable. Doyle v. Shuttleworth, 41 Misc. Rep. 42, 83 N. Y. Supp. 609.

When the Consolidated Laws were compiled, section 2 of chapter 281 of the Laws of 1833 was collocated in the Penal Law (Consol. Laws, c. 40), becoming section 924 thereof, and section 1 as amended became section 22 of the Partnership Law (Consol. Laws, c. 39). On this appeal we have to consider only that portion which now forms section 22 of the Partnership Law.

The respondent claims that by reason of that provision the assignment to Black is void, and under certain conditions and for a certain time the payment to Black now by the defendant would not be an extinguishment of the debt. This is the language of the act (section 22, Partnership Law):

"No person shall hereafter transact business in the name of a partner not interested in his firm, and when the designation 'and Company' or 'and Co.' is used, it shall represent an actual partner; but a violation of this section shall not be a defense in an action or proceeding brought by an assignee for the benefit of creditors or by a receiver of the property of or by an executor or administrator of a person who has violated the same."

The statute as it now stands in the Partnership Law merely prohibits the transacting of business in the name of a partner not interested in the firm. It works neither forfeiture nor disability. Loeb v. Firemen's Ins. Co., 78 App. Div. 117, 79 N. Y. Supp. 510; Wood v. Erie Railway Co., 72 N. Y. 200, 28 Am. Rep. 125; McArdle v. Thames Iron Works, 96 App. Div. 139, 89 N. Y. Supp. 485. The legal status of one ignoring it remains unchanged. The courts are not deprived of jurisdiction to adjudicate on the rights of one violating it. Their power in that regard is as before its enactment. This remnant of the statute contains no provisions to make its prohibition effective, and the common-law right of a person to do business in a certain name will not be made a vice, nor will a prohibition of its use work a disability by implication. Accordingly this expression in the statute does not incapacitate the plaintiff from recovering in an action for money due him.

Judgment for defendant reversed, and judgment for plaintiff ordered, with costs in this court and in the court below. All concur.