PEOPLE v. POULOS.

(Court of Special Sessions, Kings County, May, 1915.)

NAMES ⊛⊶21—New, vol. 9 Key-No. Series—OFFENSES—VIOLATION OF PENAL LAW—CONDUCTING BUSINESS UNDER FICTITIOUS NAME.

    Penal Law (Consol. Laws, c. 40) § 440, providing that no person shall carry on business under an assumed or fictitious name, unless he shall file a certificate setting forth the name to be used and his true name, and providing a penalty, was violated where defendant maintained a restaurant under the name of "Bristol," an assumed name, used in connection with the words "Oyster and Chop House," printed on his show window and bill of fare, without filing a certificate.

---

⊛⊶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Fotis Poulos was charged with violation of Penal Law, § 440, in holding out and conducting a business under a fictitious name. Judgment of conviction.

Argued before COLLINS, P. J., and O'KEEFE and FRESCHI, JJ.

Edward W. Cooper, Asst. Dist. Atty., of Brooklyn, for the People. Henry M. Fertig, of New York City, for defendant.

FRESCHI, J. The defendant conducts and maintains a restaurant under the name, style, and designation of "Bristol," an assumed name. This name is used by him in connection with the words "Oyster and Chop House," all of which is printed on the defendant's show window and his bill of fare. Nowhere in or about his business place does the defendant advertise or post his real name. It is admitted that defendant failed to file the certificate required by law. Section 440, Penal Law. There is here a holding out and the conducting of a business under a fictitious name. The false name is held out to the public, that is invited and induced thereby to patronize defendant. This is misrepresentation, and tends to mislead and deceive.

The scope of the statute, states the court in Black v. N. Y. Life Insurance Co., 70 Misc. Rep. 532, 533, 127 N. Y. Supp. 409, is against those who design to use such name to deceitfully procure credit or injuriously mislead people by means of it. The statute has its foundation in public policy, for the protection of the commercial community. Sinnot v. German-American Bank, 164 N. Y. 386, 58 N. E. 286; McArdle v. Thames Iron Works, 96 App. Div. 139, 140, 89 N. Y. Supp. 485; Jenner v. Shope, 205 N. Y. 72, 98 N. E. 325; Gay v. Seibold, 97 N. Y. 474, 49 Am. Rep. 533; People v. Whiting, 68 Misc. Rep. 306, 123 N. Y. Supp. 769. Fraud or injury might be worked by the use of a false name. Reliance by the patron on the quality of the food served and the security of wearing apparel in a restaurant in a large degree depends upon the individual whose name figures as the owner of the business. A name has a commercial value, which is protected in various ways. There is a possibility that a deception may be practiced or a patron imposed upon in such a way as to bring him some harm where the real owner is not disclosed.

The spirit and intent of the statute is to protect, not alone creditors, but all persons who, in dealing with the defendant, may be placed in the relation of a creditor or claimant toward him. The illegality consists in the use of the fictitious name.

I vote for a conviction. All concur.