WALLACH BROTHERS, Respondent, *v.* WILLIAM WALLACK, Doing Business under the Name of WALLACK BROTHERS and WALLACK BROS., Appellant.

First Department, March 6, 1922.

Trade marks and trade names — injunction — temporary injunction restraining use of trade name not allowed where right to permanent injunction not clear and no evidence of substantial loss to plaintiff before trial — Partnership Law, § 82, not applicable.

A temporary injunction restraining defendant from using in business the name under which he had been doing business for several years should not be granted before the trial of the action for a permanent injunction without proof of substantial loss to plaintiff, where it appears that the name was not adopted by defendant with the intention of diverting business from plaintiff, that there is

really no competition between them, and that there is doubt as to plaintiff's right to the ultimate remedy.

Section 82 of the Partnership Law cannot be invoked by a competitor of one who violates said section.

APPEAL by the defendant, William Wallack, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on December 1, 1921, granting a temporary injunction pending the trial of the action restraining defendant from using a trade name.

*Kramer & Kramer* [*Charles L. Hoffman* of counsel; *Henry A. Friedman* with him on the brief], for the appellant.

*Bandler & Haas* [*John F. Collins* of counsel; *Harry S. Bandler* and *Edward S. Rogers* with him on the brief], for the respondent.

PAGE, J.:

The action is brought to restrain the defendant from using the name of Wallack Brothers in his business or in any way using said name of Wallack so as to be likely to deceive or mislead the public into believing that the defendant's business is plaintiff's business or a branch thereof in the business of ready made clothing, hats, haberdashery or either of them, and from using on ready made clothing, hats or haberdashery, labels which have on the same, " Wallack Brothers."

The plaintiff has been doing business under the name of Wallach Brothers since 1887. They have established a reputation in the sale of ready made clothes, advertising all of such clothes, however, as " Hart, Schaffner & Marx Clothing."

The defendant, together with his brother started a business in 1906 in New Haven, Conn., under the name of Wallack Brothers. They featured mainly custom work and tailoring, but also offered for sale ready made clothes imported from England. They had worked up a large business, especially among the Yale College students and the students of other universities and preparatory schools in the country, selling their custom made goods and their imported suits, but their trade was exclusively in goods made and ready made of an entirely different grade from those sold by the plaintiff, and more expensive. In 1916 they moved to New York city and there opened a place at No. 9 East Forty-fourth street, from which they sold the same class of goods, all of their ready made goods being imported goods, and they featured mainly their custom trade. In 1917 the defendant's brother left the firm and transferred his interest therein to the defendant, William Wallack. A proper certificate was filed in the county clerk's office, as required under section 440 of the Penal Law.

William Wallack thereafter continued the business under the same name that he had theretofore used, both in New Haven and New York, to wit, the firm name of Wallack Brothers. While they were in New Haven the firm, of which the defendant was a member, made regular exhibits in New York city at different show rooms and hotels, in which they presented their goods to the trade; but it was not until 1916 that they moved their principal office from New Haven to 9 East Forty-fourth street, New York city. On or about September 1, 1921, the defendant changed the location of his store from 9 East Forty-fourth street around the corner to Madison avenue between Forty-third and Forty-fourth streets. During the war they made a speciality of soldiers' clothing. After this change in location the defendant enlarged somewhat its sale of ready made clothes. They were, however, of a different quality and of a different grade entirely and much more expensive than the clothes of Hart, Schaffner & Marx, which were being sold by the plaintiff.

While there is evidence in the case of some confusion of names, there is little evidence presented in the record of financial harm to the plaintiff by reason of the conducting of the defendant's business under the name of Wallack Brothers. It is very clear that the name was not adopted with the intention of diverting business from the plaintiff to the defendant, and that there is really no competition between them, as each appeals to a different class of customers. This injunction in effect is most drastic. The defendant for many years has been conducting its business under the name of Wallack Brothers, and by this injunction order is compelled to change entirely the conduct of its business before the issue is tried, so that the defendant is practically largely to be put out of business in this interim before it may establish its right to use the name upon the trial of the action. This in our judgment is not the purpose of a temporary injunction. Without evidence of substantial loss to the plaintiff, this injunction should not have been granted before the trial of the action, especially in view of the doubt existing as to the plaintiff's right to the ultimate remedy.

It is claimed that the defendant is illegally using this partnership name under section 22 of the Partnership Law, which, under chapter 408 of the Laws of 1919, is made section 82 of the revised Partnership Law. But that section was not passed to aid a competitor. It was passed partly for the benefit of creditors and partly for the benefit of the partner whose name is being used without his consent. (See *Kram* v. *Shyev*, 57 Misc. Rep. 112.) It is held in *Black* v. *New York Life Ins. Co.* (70 Misc. Rep. 532) that the section works no forfeiture or disability, and the legal standing of

one ignoring it remains unchanged, and that the statute contains no provisions to make its prohibition effective, and that the right of a person to do business under a certain name will not be made a vice, nor will a prohibition of its use work a disability by implication. It is further held in *Zimmerman* v. *Erhard* (83 N. Y. 74) that the provision, as contained in chapter 281 of the Laws of 1833, is highly penal and will not be extended. " It was intended to prevent the use of the name of a person not interested in a firm, and thus inducing a false credit to which it was not entitled." After the passage of the section it was held that a violation of the statute was no defense to an action on an insurance policy on property used in the business carried on under the prohibited designation, and that the assignee of an insurance policy whose firm name violates this section may nevertheless recover on the policy. (*Black* v. *New York Life Ins. Co., supra.*)

If the defendant is unlawfully using that name, it works no disability as against the plaintiff, who must establish its right of action based upon an injury done to the plaintiff itself, and that injury must be substantial, especially in the case of a temporary injunction. .

We are of the opinion that the order granting the temporary injunction should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Clarke, P. J., Dowling, Smith and Greenbaum, JJ., concur.

Order reversed, with ten dollars costs and disbursements.