GEORGE C. BURNS, Plaintiff, v. ROBERT K. CASSATT and Others, Copartners Doing Business under the Assumed Name and Style of CASSATT & Co., Defendants.

Supreme Court, Schuyler County, July 25, 1932.

*Olin T. Nye,* for the plaintiff.

*Mandeville, Waxman, Buck, Teeter & Harpending* [*A. H. Harpending* of counsel], for the defendants.

PERSONIUS, J. The complaint alleges two causes of action for fraud based on " false and fraudulent misrepresentations." Paragraph III of the complaint, which is realleged by reference in the second cause of action, reads as follows: " III. That the defendants now are and during all of the times hereinafter mentioned were investment brokers and maintained an investment brokerage office at the City of Elmira, New York; and upon information and belief alleges that the defendants failed and neglected to comply with the statutes of the State of New York in that they failed and neglected to file in the office of the clerk of the county or counties where they are doing business a certificate as required by Section 440 of the Penal Law of the State of New York."

The defendants say that this allegation is irrelevant, unnecessary, impertinent and scandalous and should, therefore, be struck out of the complaint.

The defendants use the name " Cassatt & Co." Said section 440, subdivision 4, provides in part: " * * * nor shall this section be deemed or construed to prevent the lawful use of a partnership name or designation, provided that such partnership name or designation shall *include* the true or real name of at least one of such persons transacting such business." The complaint alleges the name used by the defendants and their individual names. The name used did " include " the surname of two of the persons transacting such business, though it did not contain the *full* name of either. It is, therefore, not clear that the defendants have

violated said section. (*Castle Bros.* v. *Graham*, 87 App. Div. 97; *Zemon* v. *Trim*, 181 Mich. 130; *Matter of Richards Bros.*, 206 Fed. 932; 45 A. L. R. 258, 266.)

However, assuming that they have, we think such fact is not relevant, necessary or proper in this complaint; and it may tend to prejudice defendants in the trial of the action. An allegation should not be struck out of a complaint if it has any possible bearing upon the subject-matter of the litigation. (*Barnett* v. *Euromerican Co.*, 135 Misc. 675.) We think this allegation has not the slightest bearing thereon and should, therefore, be struck out. The plaintiff alleges a cause of action in fraud based upon misrepresentations. The fact that the defendants did not file a certificate of assumed name neither adds to nor detracts from the civil rights or liabilities of either party.

Section 440 of the Penal Law is a penal statute. Failure to comply therewith is a misdemeanor. It contains no provision forbidding one who has not complied therewith to maintain an action or to defend an action. Statutes similar to the one under consideration are considered at length in 45 American Law Reports, 198 *et seq.* " Contracts or transactions entered into by individuals or partnerships which have failed to comply with statutes relating to the doing of business under assumed or fictitious names  *  *  * are not for that reason, invalid and unenforcible by such parties." (45 A. L. R. 208, 212; *Doyle* v. *Shuttleworth*, 41 Misc. 42; *Vandergriff* v. *Bertron*, 82 N. Y. Supp. 153; *Sinnott* v. *German American Bank*, 164 N. Y. 386.) In the latter case (at p. 391) the court used this language: " This was an executed agreement and it is inconceivable that, in such a case, the statute should have any operation. It is a highly penal one and deserves a strict construction."

At common law a person may adopt any name unless prohibited by statute. If a plaintiff's failure to file a required certificate of assumed name does not detract from his right to enforce an obligation against another, how can such failure add to the right of another to enforce an obligation against one guilty of such failure?

In *Wallach Bros.* v. *Wallack* (200 App. Div. 169) the plaintiff sought a temporary injunction restraining the defendant from using the name " Wallack Brothers." Among other things, he alleged that the defendant was using the name without complying with then section 22 of the Partnership Law (now section 82). The court said (p. 172): " If the defendant is unlawfully using that name, it works no disability as against the plaintiff *who must establish its right of action based upon an injury done to the plaintiff itself*." So here, the plaintiff must establish his right of action upon an injury, fraud, done to him. It is of no assistance to his cause of

action to allege that the defendants have committed a crime in not complying with section 440 of the Penal Law any more than it would be to allege that they committed the crime of larceny on some occasion. Neither allegation would be material to the plaintiff's cause of action. The plaintiff's damage was caused by the alleged misrepresentations and in no way can it be due to the defendants' failure to file a certificate of assumed name. We think it would be prejudicial to a fair trial to permit the allegation to stand, especially to permit the offer or introduction of evidence in support thereof. Quite likely a jury would give weight to proof that the defendants have violated section 440, in determining the questions of fact in the case, although as a matter of logic and law, such allegations and proof have no bearing upon the question of misrepresentations.

" ' Somewhat more latitude is, of necessity, given in equity suits than in actions at law, but even in equity the rules of pleading should be measurably enforced. Matter may be inserted which appeals to the equitable conscience of the court, subject, however, to the limitation that the matter so pleaded must be germane to the issues, or have some relation to them, and must not raise an alien issue or confuse the real issue.' (Citing cases.) It is also well settled that the vice of irrelevancy is much more serious in a complaint than in an answer." (*Isaacs* v. *Salomon*, 159 App. Div. 675.) (See, also, *Fiorello* v. *New York Protestant, etc., Society*, 217 App. Div. 510; *Sagendorph* v. *First National Bank*, 218 id. 285.)

The first clause of paragraph III may stand; that is, the allegation: " That the defendants now are and during all of the times hereinafter mentioned were investment brokers and maintained an investment brokerage office at the City of Elmira, New York." The remainder of said paragraph should be struck out.

Submit order accordingly.