Henry H. Klein, Plaintiff, *v.* Joseph H. Biben, Doing Business under the Name of The American Hebrew, et al., Defendants.

Supreme Court, Special Term, New York County, September 11, 1945.

*Abraham Mopper* and *Irving Choban* for Joseph H. Biben, defendant.

*Henry H. Klein,* plaintiff in person.

PECORA, J. Defendant Biben moves to dismiss the complaint pursuant to rules 106 and 107 of the Rules of Civil Practice on the ground that the cause of action set forth in the complaint is barred by the Statute of Limitations and that the complaint fails to state facts sufficient to constitute a cause of action. Plaintiff alleges that the publication of the libel in " The American Hebrew " occurred on or about May 12, 1944. Paragraph 12 of the complaint states that the libel was repeated by reference in the issue of the same periodical dated June 23, 1944. It is further alleged in paragraph 14 with respect to the June 23, 1944, publication that " defendants wilfully and maliciously aggravated their libelous accusations against plaintiff by calling the attention of their readers in the issue of * * * June 23, 1944, to their malicious and libelous utterances against plaintiff, published * * * in the issue of May 12, 1944 ". There was, however, no repetition of the alleged libelous matters in the June publication. Only by reading the May issue could a reader of the June issue learn the contents of the May publication. Allegations as to the June publication must therefore only be considered as averments by way of aggravation and proof of malice. In fact, plaintiff in setting forth both publications in one cause of action in the complaint has impliedly reached that conclusion. The question remains as to whether the action based upon the May 12, 1944, publication is barred by the one-year Statute of Limitations contained in subdivision 3 of section 51 of the Civil Practice Act. The summons and complaint were served on the moving defendant on June 21, 1945. These papers had been delivered to the Sheriff of Monroe County on June 3, 1945, more than one year after the action had accrued. It appears that plaintiff delivered the summons and complaint to the Sheriff of New York County on April 19, 1945. However, the defendant served was not a resident of New York County at the time of such delivery.

Under section 17 of the Civil Practice Act in order to attempt to commence an action, the summons must be delivered to the sheriff of the county in which the defendant " resides or last resided ". The words " last resided " have been interpreted to apply to cases where defendant is without the State. (*Guilford* v. *Brody*, 237 App. Div. 726.) Defendant was residing in the city of Rochester during all of this time, and plaintiff could readily have obtained that information, and did obtain it when he telephoned the New York office of the publication. The fact that defendant had filed a certificate of doing business with the county clerk in 1936 which gave his residence in New York

City at that time, did not give plaintiff the right to rely thereon in 1945 for the purpose of availing himself of the provisions of section 17 of the Civil Practice Act. Defendant owed no duty to plaintiff to file an amended certificate irrespective of whether such failure may have constituted an infraction of the Penal Law, since plaintiff was no creditor of defendant. (See *Doyle v. Shuttleworth*, 41 Misc. 42.) There was no estoppel which suspended the running of the Statute of Limitations. Defendant's whereabouts was easily ascertainable, as plaintiff's own affidavit shows. The action was therefore attempted to be commenced more than one year after it accrued when delivery of process was made to the Sheriff of Monroe County on June 3, 1945. The motion to dismiss upon the ground that the Statute of Limitations bars the action is granted. The other contentions are consequently not considered. Settle order accordingly.