[No. 13693.   Department Two. — April 18, 1891.]

## F. M. CARLOCK ET AL., APPELLANTS, *v.* A. CAGNACCI, RESPONDENT.

CERTIFICATE OF PARTNERSHIP — FIRM NAME — SURNAMES OF PARTNERS. — A firm name composed of the surnames of all the partners is not a "fictitious name," nor "a designation not showing the names of the persons interested as partners," within the meaning of section 2466 of the Civil Code, requiring the filing of a certificate of partnership.

ID. — ACTION BY PARTNERS — PLEADING. — An objection to an action by partners, on the ground that the plaintiffs had not filed a certificate of partnership, as required by section 2466 of the Civil Code, should be taken by answer, and not by demurrer to the complaint for failing to state that the certificate was filed.

APPEAL from a judgment of the Superior Court of Kern County.

The facts are stated in the opinion of the court.

*Thomas Rhodes,* for Appellants.

*J. W. Mahon,* for Respondent.

McFARLAND, J.—This action was brought to recover $396.35 for certain personal property alleged to have been sold by plaintiffs to defendant. Defendant demurred to the complaint, and the court below sustained the demurrer. Plaintiffs appeal.

The only ground of demurrer is, that the complaint does not state that plaintiffs had filed a certificate of partnership, as required by section 2466 of the Civil Code. The complaint shows that the plaintiffs, F. M. Carlock and H. D. Robb, were copartners doing business under the firm name of Carlock & Robb. The firm name was therefore not a "fictitious name," nor "a designation not showing the names of the persons interested as partners," within said section of the code. (*Pendleton* v. *Cline,* 85 Cal. 142.) Moreover, the proper way to raise such a point is by answer.

The judgment is reversed, with direction to the court below to overrule the demurrer to the complaint.

DE HAVEN, J., and BEATTY, C. J., concurred.