Garoutte, J., McFarland, J., Harrison, J., and Beatty, C. J., concurred.

Paterson, J., dissenting.—I am unable to concur. " The warrant of the governor is *prima facie* evidence, at least, that all necessary legal prerequisites have been complied with " (Church on Habeas Corpus, sec. 480), and the petitioner has not made it appear to my satisfaction that the courts of Alabama could not hold him for examination on the affidavit charging him with embezzlement.

---

[No. 13465. In Bank. — May 1, 1891.]

S. M. McLEAN et al., Respondents, v. J. B. CROW, Administrator, etc., Appellant.

Partnership — Action by Partner — Filing of Certificate — Surnames of Partners — Fictitious Name. — A firm name composed of the surnames of all the partners is not a fictitious name within the meaning of section 2466 of the Civil Code, requiring the filing of a certificate of partnership as a condition precedent to action upon a claim due to the partners.

Estates of Decedents — Claim for Medical Services — Action against Administrator — Preferred Claim — Immaterial Issue. — In an action brought by physicians, as partners, against the administrators of an estate, for medical services rendered to the intestate, the question as to whether or not the services were rendered during the last illness of the deceased, and were therefore a preferred claim under section 1646 of the Code of Civil Procedure, is an immaterial issue.

Id. — Effect of Judgment against Estate — Priority of Claims — Marshaling of Assets. — A judgment against an administrator, in an action upon a claim against the estate, merely has the effect of a claim duly allowed, to be paid in due course of administration, and does not

give the creditor any further rights or determine the right of priority over other claims, which must be determined by the probate court when the assets are finally marshaled and the order of payment determined by that court.

TRIAL — DOCUMENTARY EVIDENCE — CLAIM AGAINST ESTATE — SUBMISSION TO JURY — DISCRETION. — It is within the discretion of the court to allow the jury to take with them documentary evidence when they retire to consider their verdict, and it is not error for the court to allow the jury to take with them the claim upon which the suit is based, which constitutes part of the complaint, and which has been received in evidence.

EXPERT EVIDENCE — INSTRUCTION. — Where the court has instructed the jury to the effect that the opinion of experts as to the value of the medical services rendered is not conclusive, but that the purpose of their introduction is to supplement the general knowledge and experience of the jury in relation to the matters before them, and thereby aid them in the exercise of their own judgment upon the facts, which must be exercised independently of the opinion evidence, it is not error to refuse to add an express admonition that such evidence should be received with scrutiny and caution.

ACTION FOR SERVICES — PLEADING — QUANTUM MERUIT — ISSUE AS TO VALUE — ADMISSION OF LESS AMOUNT — PROVINCE OF JURY — INSTRUCTION. — In an action for the reasonable value of services rendered, which are alleged to be worth a specified amount, where the answer takes issue upon their value, but admits them to be worth a less amount, it is for the jury to determine whether the services were worth more than the amount admitted in the answer, and it is not error for the court to refuse to instruct the jury that the plaintiff cannot recover unless they should find that the services were reasonably worth more than the amount so admitted.

NEW TRIAL — PETITION TO SUPREME COURT TO PROVE EXCEPTION. — Where the defendant objected to the order denying his motion for a new trial as premature, on the ground that he had petitioned, or was about to petition, the supreme court to prove an exception, if the transcript on appeal contains no evidence that an application to prove the exception was pending when the motion was denied, and it appears that a subsequent application to prove the exception in the supreme court was not successful, the defendant is not injured by the order denying the new trial, and it will not be reversed as premature.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order denying a new trial.

The sixth instruction, referred to in the opinion as asked for by the defendant, required the jury to find, from a preponderance of the evidence, before plaintiffs could recover, that the services were worth more than the sum of $150. The complaint alleged that the ser-

vices were worth $360, and the answer denied that they were worth that amount, or any greater sum than $150. Further facts are stated in the opinion.

*Stonesifer & Minor,* for Appellant.

The testimony shows conclusively that all services rendered prior to the time that deceased "got well" were not services rendered during the "last sickness," and consequently not a preferred claim under the provisions of section 1643, subdivision 2, of the Code of Civil Procedure. Services rendered during the "last sickness" must be paid under subdivision 2 of that section, and services not so rendered must be paid as other claims against the estate, under subdivision 5. The term "last sickness" means *in extremis.* (*Carroll* v. *Bonham,* 26 Am. Law Reg. 569; *Prince* v. *Hazelton,* 20 Johns. 513, 515; 11 Am. Dec. 307; *Yarnall's Will,* 4 Rawle, 61, 65; 26 Am. Dec. 115; *Reese* v. *Hawthorn,* 10 Gratt. 552; *Saddler* v. *Saddler,* 60 Miss. 255; *O'Neill* v. *Smith,* 33 Md. 572.) The published copy of the certificate of partnership omitted the clause that the full names and respective places of residence of all its members were signed thereto, and the words "name" and "residence." (Civ. Code, secs. 2466–2468.)

*Hatton & Fulkerth,* for Respondents.

It was unnecessary for respondents to file or publish a certificate of partnership under section 2466 of the Civil Code. (*Pendleton* v. *Cline,* 85 Cal. 142.) While the court determines the competency of the witness to testify as an expert, the weight to be accorded to the testimony which he may give is a question for the jury to determine. (Rogers on Expert Testimony, secs. 37, 38; *Bentley* v. *Brown,* 37 Kan. 14; *Litensdorfer* v. *King,* 3 West Coast Rep. 137; *Head* v. *Hargrave,* 105 U. S. 45.)

TEMPLE, C.—This action was brought by S. McLean and C. W. Evans, partners, doing business under the

name and style of McLean & Evans, for services, as physicians, rendered defendant's intestate during his last illness. The estate is said to be insolvent, and the answer denies that any such services were rendered the deceased during his last illness; that such services were worth more than $150 dollars; and that the plaintiffs had made, acknowledged, or published the certificate of copartnership and notice as required by section 2466 of the Civil Code.

As the surnames of both partners appear in the firm name, and no part of the name is fictitious, the case seems entirely covered by the recent case of *Pendleton* v. *Cline*, 85 Cal. 142.

Whether the services were rendered during the last illness, or not, was an immaterial issue in the case. Generally, it is an easy thing to determine, the claim being recognized as a debt against the estate, whether it is or is not a preferred claim under section 1646 of the Code of Civil Procedure. In case of doubt, the administrator may refuse to pay until required by an order of the court. At last the assets must be marshaled, and the order of payment determined, by the probate court, where other creditors may be heard. Suits on claims against an estate may be brought in any court, including justices' courts. It would be an anomaly to allow a justice of the peace, in a proceeding where other creditors could not be heard, to give a preference to one claimant over others, and enter a judgment binding on the probate court when it shall come to pass upon the relative rights of all creditors.

The judgment against the administrator can only have the effect of a claim duly allowed against the estate (Code Civ. Proc., sec. 1504), to be paid in due course, and cannot give the creditor any further rights. As already intimated, a claim may, on its face, be plainly a funeral expense, or an expense of the last sickness, and if allowed at all, manifestly a preferred claim; but there

is nothing in the mode of allowance which fixes its rank. As there is no mode of allowance that can give a claim priority, it must follow that there can be no judgment establishing the validity of a claim, which the administrator or court has refused to allow, which can have that effect.

In this case, had the administrator been satisfied that the claim was valid, though not for services rendered during the last illness, and therefore not entitled to rank as a preferred claim, his allowance would not have given it such rank, although on its face it purported to be for such services. It would still be an open question.

This being so, we do not feel called upon to consider whether the phrase "last sickness," in section 1643 of the Code of Civil Procedure, means services rendered *in extremis*, although it would seem obvious enough that it must mean something more than that, and something more than the same phrase in statutes authorizing nuncupative wills.

Section 612 of the Code of Civil Procedure, we think, justifies the action of the court in allowing the jury to take with them the claim as presented, and upon which the suit is based, when they retired to consider their verdict. Besides constituting a portion of the complaint, it was a paper which had been received in evidence. It was a matter within the discretion of the court. (*Clark* v. *Phœnix Ins. Co.*, 36 Cal. 168.)

The defense asked an instruction in regard to expert testimony, in substance, that the jury were to exercise an independent judgment, giving to such evidence such weight only as they deemed it entitled to; that it did not preclude them from exercising their own judgment upon the subject, and further, it ought, like all opinion evidence, to be received with scrutiny and much caution.

We see no objection to the instruction asked, and the court might well have given it; but it does not neces-

sarily follow that the judgment should be reversed for the refusal.

The object of the testimony was to prove the value of the medical services. The only evidence upon the subject was the expert testimony, and the statement of the doctors as to the nature of the service, the length of time, and the other circumstances of the attendance. At the request of plaintiffs, the court had already instructed the jury that they should consider these facts, and "when they have all the facts and circumstances attending and surrounding the transaction, the opinion of experts as to value, based upon the same evidence, is not conclusive; their opinions are not to be substituted for the common sense and judgment of the jury. The purpose of their introduction is to supplement the general knowledge and experience of the jury in relation to the matters before them, and thereby to aid them in the exercise of their own judgment, to the end that a more just and accurate conclusion as to the value may be drawn from the evidence."

This covers all the points upon which defendant asked the court to instruct the jury, except the closing admonition as to caution in receiving such evidence. This is the duty of the jury as to all evidence, and is understood, particularly so when the jury are told that they must exercise their own judgments upon the facts, independently of the opinion evidence.

The sixth instruction, asked by the defendant, was so clearly wrong that it does not merit discussion. Plainly, the jury were to find the value of the services, whether more than $150 or not.

The second instruction, given at the request of plaintiffs, is in exact accord with our ideas of the issues properly submitted to the jury.

The defendant objects to the order denying his motion for a new trial, on the ground that it was premature, as he had or was about to petition the supreme court for

leave to prove his exception. The only evidence of this matter in the transcript is contained in the order denying a new trial, where it is recited, the "defendant objecting to the hearing of the motion at this time, on the ground that defendant is petitioning the supreme court for leave to prove his exception."

If the defendant had petitioned for leave to prove an exception which had been denied by the trial court, that court ought to have granted time for that purpose. There is here, however, no evidence of such fact, or any evidence that we can notice that such application was pending. The records of this court show that an application of that character was made June 8th, and was not successful. The motion for a new trial had been denied on the previous day, after due notice.

Either party may bring such a motion to a hearing. What effect upon this order the allowance of an exception here would have had if the application had been successful, we are not called upon to say. As it has turned out, the defendant has not been injured.

We think the judgment and order should be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.