(87 App. Div. 97.)

### CASTLE BROS. v. GRAHAM.

(Supreme Court, Appellate Division, Second Department. October 22, 1903.)

1. BUSINESS NAMES—FILING CERTIFICATES.

Carrying on business under the name of "Castle Brothers," a correct designation of the members of the firm, is not within Pen. Code, § 363b, providing that no person or persons shall carry on business under an assumed name, or under any designation other than the real names of the individuals, unless they file a certificate setting forth the name under which the business is to be conducted and the true names of the persons conducting it.

Appeal from Trial Term, Kings County.

Action by Castle Bros., a corporation, against James Graham. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Richard Krause, for appellant.
Charles H. Machin, for respondent.

GOODRICH, P. J. This action was brought to recover the unpaid balance of the price of certain work done for the defendant by the firm of "Castle Brothers," which assigned its claim to the plaintiff, a domestic corporation. The firm was composed of two brothers, Thomas W. A. Castle and Walter L. Castle, who performed the work mentioned without having filed any certificate in accordance with section 363b of the Penal Code, which provides:

"(1) No person or persons shall hereafter carry on or conduct or transact business in this state under any assumed name or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall file in the office of the clerk of the county or counties in which such person or persons conduct, or transact, or intend to conduct or transact such business, a certificate setting forth the name under which such business is, or is to be, conducted or transacted, and the true or real full name or names of the person or persons conducting or transacting the same, with the post-office address or addresses of said person or persons.

Said certificate shall be executed and duly acknowledged by the person or persons so conducting, or intending to conduct said business."

"(5) Any person or persons carrying on, conducting or transacting business as aforesaid, who shall fail to comply with the provisions of this act, shall be guilty of a misdemeanor."

This section, like section 363, is a penal statute, and is to be strictly construed. The use of such a partnership name as that ·under consideration is of frequent occurrence. The maintenance of the defendant's contention would be to stamp what has always been an innocent practice as a misdemeanor. No such intention can be spelled out of section 363b. It relates to assumed names, and not to real names of the persons composing a partnership. Can it be said that "Castle Bros." is an assumed name, when in fact it is a correct designation of the members of the firm, although not so definite a designation as if it included the baptismal names of the individuals? If so, we must condemn the use of a firm name like "John Smith & Son," or "John Smith & Bro.," or "J. Smith & Son." We think the statement of the logical effect of such a holding is reductio ad absurdum. The case of Gay v. Seibold, 97 N. Y. 472, 49 Am. Rep. 533, related to chapter 281, p. 404, Laws 1833, which provides that, where the designation "and Company" or "& Co." is used in the transaction of business, it should represent an actual partner or partners, and the court said that "the purpose of the statute was obviously to protect persons giving credit to the fictitious firm on the faith of the fictitious designation. It could have no other purpose. It was not needed to protect those who obtained credit from such a firm." See, also, to the same effect, Kennedy v. Budd, 5 App. Div. 140, 39 N. Y. Supp. 81, and Taylor v. Bell & Bogart Soap Co., 18 App. Div. 175, 45 N. Y. Supp. 939. The same rule is applicable to this action, which arises under section 363b. The judgment was correct, and should be affirmed.

Judgment affirmed, with costs. All concur.