GILBERT S. WALKER AND AART KORTHORF, CO-PARTNERS DOING
BUSINESS UNDER THE FIRM NAME OF WALKER & KORTHORF, V.
SMITH STIMMEL.

Opinion filed May 21, 1906.

**Contract — Constructions — Performance — Conditions Precedent.**

1. Whether stipulations in a contract are conditions precedent to a
right to enforce performance is to be determined by the intention of
the parties, derived from the contract itself, by application of com-
mon sense to each particular case rather than by technical rules of
construction. Stipulations in a contract should not be construed
as conditions precedent, unless that construction is necessary by the
terms of the contract.

**Partnership — Designation of Firm.**

2. A firm name, showing the surnames only of the parties, is not
"a fictitious name," nor "a designation not showing the names of the
parties," within sections 4410, 4412, Rev. Codes 1899, requiring every
firm doing business under such name or designation to file and publish
a certificate showing the full names and residences of the members.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Gilbert S. Walker and Aart Korthorf, partners, under
the name of Walker & Korthorf, against Smith Stimmel. Judg-
ment for plaintiff, and defendant appeals.

Affirmed.

*Robt. M. Pollock* and *Stimmel & Scott,* for appellant.

Failing to observe the condition precedent in a contract of sale,
respondents have no right of action against appellant. Barnes v.
Rawson et al., 82 N. W. 947; First State Bank v. Thuet, 93 N. W.
1; Withers v. Moore, 74 Pac. 159; 1 Cyc. 692.

Without complying with their undertakings in the contract, or
pleading an excuse for the noncompliance, respondents cannot
maintain this action. 9 Cyc. 722-3; Escott v. White, 10 Bush. 169.

*J. F. Callahan,* for respondents.

Where the performance of one party is to precede that of the
other, then he, who was to do the first act, may be sued, although
nothing has been done or offered by the other. Morris v. Slite, 1
Denio, 59; Meriden Britannia Co. v. Zingsen, 48 N. Y. 247, 8
Am. Rep. 549; Bailes' Code Pl. (2d Ed.) 187.

An action for money had and received may be maintained by one person against another, when the latter has money to which in equity and good conscience the latter is entitled. Gulbrath v. Gulbrath, 50 Am. Dec. 375; McCrea v. Purmont, 16 Wend. 460; Lime Rock Bank v. Plimpton, 17 Pick. 159, 28 Am. Dec. 286; O'Fallen v. Boismenu, 3 Mo. 405, 26 Am. Dec. 678; Glascock v. Lyons, 20 Ind. 1, 83 Am. Dec. 299, and note; Wells v. Brigham, 52 Am. Dec. 750.

Where the names of partners appear in the firm title, a filing and publication of the partnership is unnecessary. Pendleton et al. v. Cline, 24 Pac. 659; McLean et al. v. Crew, 26 Pac. 596; Carlock et al. v. Cagnacci, 26 Pac. 597.

Fisk, District Judge. This action was brought to recover for money had and received. The facts, briefly stated, are as follows: In September, 1903, defendant sold and delivered to plaintiffs a car load of flax on board car at Fleming Siding, near Casselton, in this state. The price agreed upon between the parties was 91 cents per bushel, the plaintiffs advancing to defendant thereon the sum of $900, with the understanding that plaintiffs would cause the car to be shipped to Casselton, where it should be cleaned, weighed and tested, after giving defendant an opportunity to be present; and thereafter a final settlement was to be made, and any balance found due was to be paid to the party entitled thereto. Through a mistake of the railway company, and without fault on plaintiff's part, the car was shipped to Duluth, Minn., instead of Casselton. Upon discovering this fact plaintiffs informed defendant thereof, and, defendant refusing to accept Duluth weight and grades, the plaintiffs endeavored to have the car returned by the common carrier to Casselton, but without avail. Subsequently the flax was weighed and graded at Duluth, and, while there appears to be nothing in the abstract showing the number of bushels in the car according to Duluth weight, it seems to be taken as a conceded fact in the case that there was a shortage of flax in the car, which, according to the price of 91 cents per bushel, would amount, with interest, to the sum of $56.99, for which sum a verdict was returned in plaintiff's favor and a judgment entered thereon, from which judgment this appeal is prosecuted.

It is appellant's contention that, because by the terms of the contract the flax was to be weighed and tested at Casselton, where

he was to have an opportunity to witness the same, and because it was not so weighed and tested at that place, no recovery can be had; in other words, that performance on plaintiffs' part with this provision of the contract was and is a condition precedent to their right to recover for this overpayment. We are unable to agree with appellant's contention. The parties by their contract did not see fit to stipulate that any such results should follow a failure on plaintiffs' part to comply with this provision of the contract; nor by a fair construction of the contract can it be said that the parties contemplated or intended any such result. It is elementary that stipulations in a contract are not construed as conditions precedent unless the construction is made necessary by the terms of the contract. Deacon v. Blodget, 111 Cal. 416, 44 Pac. 159. The true doctrine, as we understand the authorities, is enunciated in the case of Leonard v. Dyer, 26 Conn. 172, 68 Am. Dec. 382, as follows: "Whether stipulations in a contract are conditions precedent to a right to enforce performance is to be determined by the intention of the parties, derived from the contract itself, by application of common sense to each particular case, rather than by technical rules of construction." As said by Judge Bennett in note to Benjamin on Sales, p. 595: "No other rule, worthy of the name of rule, can be laid down than that it is always a question of the intention of the parties, manifested by the expressions they have used as applied to the subject-matter of the contract and read in the light of surrounding circumstances. And previous cases are not of much value in deciding upon subsequent contracts of different phraseology. The question does not depend upon any particular form of words, or upon any particular collocation of the different stipulations; but the whole contract is to be taken together, and a careful consideration had of the various things to be done, to enable one to decide correctly the order in which they are to be done. With respect to such conditions, it is true that no technical words are requisite to render a condition precedent or subsequent; nor does it depend on the position of words, but it rests on the good sense and plain understanding of the contract, and the acts to be performed by the parties respectively." See Wiley v. Inhabitants of Athol, 150 Mass, 426, 23 N. E. 311, 6 L. R. A. 342. In Tipton v. Feitner, 20 N. Y. 423, Seldon, J., says: "As the effect of a condition precedent is to prevent the court from dealing out justice to the parties according to the equities of the case, it

is not surprising that we find it so frequently said that constructions productive of such conditions are not to be encouraged. Parties must be held strictly to their contracts, and where they have agreed in terms or by plain implication to a condition which is to bar them of a recovery according to what is equitable and just, they must abide by the consequences. But courts are to see that such was the intention of the parties before they are held up to so rigid a rule."

Applying the foregoing well-settled rule of construction to the contract in this case, it is clear that defendant's contention is unsound. The parties in making their contract never contemplated a state of acts such as are disclosed in this case, and hence they could not have intended to contract with reference to such state of facts. To uphold defendant's contention in this case would require us to give the contract a construction never intended by the parties, and most palpably unreasonable and inequitable, especially in view of the fact that defendant did not allege, or attempt to show, that the Duluth weights and grades were incorrect, or that he had been in any manner injured thereby. The authorities cited in appellant's brief in support of his contention are not in point under the facts of this case, as an examination thereof will disclose. These authorities are Barnes v. Rawson, et al. (Iowa) 82 N. W. 947; First Nat. Bank v. Thuet (Minn.) 93 N. W. 1; Withers v. Moore, 140 Cal. 591, 74 Pac. 159. These are cases where a recovery was sought for the purchase price of goods sold and for the contract value of services rendered, and it was shown at the trial that the goods offered and the services rendered were not of the kind and amount required by the contract, and the courts merely held that the delivery of the goods and the performance of the kind and amount of the services contracted for was a condition precedent to plaintiff's right to recover. It is apparent, therefore, that the cases cited are not analogous to the case at bar.

Appellant's only other point requires but brief notice. This point is embraced in appellant's first assignment of error, and is that the court erred in overruling appellant's motion to dismiss the action on the ground that respondents had not filed any certificate of copartnership under section 4410, Rev. Codes 1899, nor published the notice contemplated by section 4412, Rev. Codes 1899. The Supreme Court of California, under a statute identically the same as the foregoing sections of our Revised Codes, has repeated-

ly held that a partnership name, such as the plaintiffs in this case used, is not a fictitious name, and is not a designation failing to show the names of the persons interested as partners, and hence that said sections have no application. Pendleton v. Cline (Cal.) 24 Pac. 659; McLean v. Crow (Cal.) 26 Pac. 596; Carlock v. Cagnacci, Id. 597. We are entirely satisfied that these authorities correctly state the law, and we adopt the rule of construction therein enunciated.

Finding no error in the record, it follows that the judgment of the court below should be affirmed; and it is so ordered. All concur.

ENGERUD, J., being disqualified, took no part in the foregoing decision; Judge FISK, of the First Judicial District, sitting in his place by request.