W. K. Patterson and N. H. Patterson, *partners as* The

Patterson Furniture Company, v. York Byers

(Filed February 13, 1907.)

**PARTNERSHIP— Fictitious Firm Name— Statutes Construed** A firm name showing the surname only of the partners is not a fictitious name, nor a designation not showing the names of the partners within the meaning of section 3901, of Wilson's Statutes which provides that every partnership transacting business in the territory under a fictitious name, or a designation not showing the names of the persons interested, as partners, must file with the clerk of the district court of the county or sub-division in which its principal place of business is situated, a certificate, stating the names in full of all the members of such partnership, and their places of residence, and publish the same once a week for four successive weeks, in a newspaper published in the county and section 3903 which provides that in case of a failure of such filing and publication of the certificate, such partnership shall not maintain any action on account of any contract made or transaction had with such firm in any court of this territory.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, Trial Judge.*

*Martin, Tibbetts & Green,* for plaintiff in error.

*Lawrence & Huston,* for defendant in error.

STATEMENT OF FACTS

This case was begun on the 31st day of January, 1903, in the probate court of Logan county, by the plaintiff against

the defendant in error, by way of replevin, for the recovery of certain specific personal property. On the 14th day of May, 1903, a trial in said action was had, judgment was rendered for the plaintiff and on the 28th day of March, 1903, the defendant filed and perfected his appeal to the district court of Logan county. On the 9th day of November, 1905, in the district court of said county, the said defendant filed·his motion to dismiss said action on the ground that plaintiff had not complied with section 3901, and 3903, of Wilson's Statute. On the same day said motion was presented to the court, and the same was sustained; and the cause dismissed at the costs of plaintiff, to which order the plaintiff duly excepted. On the following day plaintiff filed its motion for a new trial in said cause and the same was presented to the court, and after being considered, was overruled, to which order the plaintiff excepted, now excepts, and brings the case here for review.

Opinion of the court by

IRWIN, J.: The only question necessary to be determined in this case is whether the plaintiffs by their bill of particulars, styling themselves W. K. Patterson and N. H. Patterson, partners doing business as the Patterson Furniture Company, are doing business in violation of the requirements of sections 3901, and 3903, of Wilson's Statutes. Section 3901, reads as follows:

"Except as otherwise provided in the next section, every partnership transacting business in this territory under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the district court of the county or sub-di-

vision in which its principal place of business is situated, a certificate, stating the names in full of all the members of such parnership, and their places of residence, and publish the same once a week for four successive weeks, in a newspaper published in the county, if there is one, and if there be none in such county, then in a newspaper published in an adjoining county."

Section 3903, is as follows:

"The certificate filed with the clerk of the district court, provided in section 3901, must be signed by the partners and acknowledged before some officer authorized to take acknowledgments of conveyances of real property. Persons doing business as partners contrary to the provisions of this article, shall not maintain any action on or on account of any contracts made or transactions had in their partnership name in any court of this territory until they have first filed the certificate and made the publication herein required: Provided, however, that if such partners shall at any time comply with the provisions of this article, then such partnership shall have the right to maintain an action in all such partnership contracts and transactions entered into prior as well as after such compliance with this article, and the disabilities heretobore imposed *as* partnerships by said article, for a failure to comply therewith, are hereby removed and made to conform to this section."

The record shows that plaintiff in error had not filed a certificate or made the publication provided for in section 3903. The question for us to determine is, does the title "Patterson Furniture Company" come within the definition of said section, of fictitious name, or a designation not showing the names of the persons interested as partners. These provisions of our statute were adopted from the California statute. Section 3901, of Wilson's statute being an exact

copy of 3905, of the statute of 1890 containing the proceedings of the first legislature of this territory, and section 3903 of Wilson's statute is an exact copy of section 3907 of the statute of 1890. The California supreme court had construed the same prior to its adoption by our legislature, and under the well recognized rule, which has been so often announced by this court, that where an adopted statute had received a construction at the hands of the supreme court of the state from which it had been adopted, prior to its adoption here, that the construction was adopted with the statute, and was governing and controlling as showing the legislative intent in adopting said statute. Now, the California supreme court in the case of *Pendleton, et al. v. Cline, et al.,* reported in the 24 Pac. 659, decided by the California supreme court July 31, 1890, that court uses this language in the syllabus:

"A firm name showing the surname only of the partners is not a 'fictitious name' nor 'a designation not showing the names of the partners' within Civil Code California, section 2466, requiring every firm doing business under such name or designation to file and publish a certificate showing the full name and residences of its members."

In that case, the California supreme court held that where two partners, to-wit: C. W. Pendleton and W. J. Williams, were partners doing business under the firm name of Pendeton & Williams without having published the certificate required by section 2466, of the civil code of California, that they were not within the provisions of that section. The firm name of Pendleton & Williams was certainly therefore, not fictitious. It was true so far as it went. The only thing that can be said about it, is that it did not go far enough. It was not a designation showing the names of the partners

interested as partners, but we think if the legislature had meant so unusual a thing as the firm name showing the names of all the partners, it would have been more natural for them to have said so explicitly, just as they did do in speaking of the names to be inserted in the certificate. The reason of the provision doubtless was to enable persons dealing with the firm to know whom to hold responsible—whom to proceed against. And, for all practical purposes this reason is satisfied by information as to the surnames of the partners. If, for example, a man desires to sue the members of a partnership whose firm name informs him that the partners are a man named Pendleton and a man named Williams, it would be a matter of little difficulty for him to ascertain what the initials of those persons are.

Now, applying the rule laid down by the California supreme court in construing and interpreting this statute prior to its adoption by the legislature of this territory, to the case at bar, it would seem that by that construction and interpretation it was only necessary to use a designation showing the surnames only of the partners. In this case, the surnames of the partners were clearly set forth in the designation under which they were doing business. "The Patterson Furniture Company" shows that there is a company composed of persons who surname is Patterson. It further shows there are no other members of the firm except those whose surname is Patterson. Now, the supreme court of California, again in passing upon this identical statute, in the case of *McLean, et al. v. Crow,* reported in the 26th Pac. Rep. 596, decided May 1, 1891, again re-affirm this doctrine, and cite with approval the language used in the case of *Pendleton & Williams v. Cline, supra.*

The supreme court of Montana, in the case of *Guiterman v. Wishon,* 21 Montana, 458, says:

"There is no merit in the contention of defendant that the firm name of Guiterman Bros. is a fictitious name, or a firm name not showing the names of the partners composing the partnership, and that plaintiffs cannot maintain this action because they have not filed with the clerks of Silver Bow county the certificate required by section 3280, of the civil code. The complaint shows that plaintiffs, A. Guiterman S. A. Guiterman, and L. A. Guiterman, were co-partners, doing business at St. Paul, Minn., under the firm name and style of Guiterman Bros. This was not a fictitious name at all, nor a designation not showing the names of the persons interested as partners in such business within any reasonable meaning to be put upon section 3280, *supra.* Section 3280, being exactly similar to the California statute upon the same subject, we adopt the reasonings and decisions of the supreme court of that state holding that a firm name showing the surname is neither fictitious nor a designation not showing the names of the partners, within the purview of a statute like section 3280."

And in this case the Montana supreme court cite with approval the case of *Pendleton, et al. v. Cline,* 24 Pac. 659, and the case of *Clarkson et al. v. Cagnacci,* 26 Pac. 597.

Now, applying this case to the case at bar, it seems to us that the surname of the partners composing the partnership is as clearly set forth in the title "Patterson Furniture Company," as it would be in the title of the case before the Montana supreme court, to-wit: "Guiterman Bros." In the Montana case, the complaint set forth who the Guiterman Bros. were, and the Montana supreme court held that such a complaint setting forth the real names and that they were doing business under the firm name of Guiterman Bros. did

not state facts which put them within the provisions of that section of the Montana code which required the publication of the certificate showing the true names of the partners, and they were not, when using the name of Guiterman Bros. using a name which was fictitious or one which did not give the true names of the partners. Now, in the case at bar, the petition sets forth the true names of the partners doing business under the firm name of "Patterson Furniture Company" and we think it comes clearly within the rule laid down by the Montana supreme court, and is not a fictitious name, nor a designation failing to show the true names of the partners.

In *Zimmerman v. Erhard,* 83 N. Y. 74, it is held:

"That under a statute prohibiting the use of names in the firms of persons not interested and requiring that '& Co.' show representing actual partners, 'J. Zimmerman & Company,' representing a partnership composed of J. Zimmerman and Mary Zimmerman, his wife, is not a 'fictitious designation.' In this case it is held that the statute in question is wholly penal and must be strictly construed, and the names used in this case was a real one and the words '& Co.' were in no sense fictitious or unlawful within the meaning of the statute."

Now, we think the name Patterson, being the true surname of every member of the partnership known as the Patterson Furniture Company, can in no sense be said to be a fictitious name. And, under the ruling of the California supreme court in construing this statute, the word "Patterson" being the true surname of the members composing the Patterson Furniture Company is a name that discloses the names of the members of the partnership, and that such a designation, and doing business under such a title is not do-

ing business under a fictitious name, or under a name which does not disclose the true names of the partners, and that partners doing business under such an appellation are not within the provisions of the sections referred to, and are not required to file and publish the certificate therein required. Hence, we think that the action of the district court in sustaining the motion to dismiss was erroneous, and an error for which the case should be reversed, which is accordingly done, at costs of defendant in error.

The case is remanded to the district court with directions to overrule the motion to dismiss, and to proceed with the trial of the case.

Burford, C. J., who presided in the court below; not sitting; Burwell, J., dissenting; all the other Justices concurring.