## BOVEE et al. v. DE JONG.

Rev. Civ. Code, § 1762, provides that, except as otherwise provided, every partnership transacting business in the state under a fictitious name or a designation not showing the partners' names must file with the clerk of the circuit court a certificate stating the names in full of all the members of the partnership and their places of residence, etc. Section 1764 imposes as a penalty for the violation of the requirement the abatement of "any action on or on account of any contracts made or transactions had under their partnership name" until a certificate is made as required. **Held,** that a non-compliance with the requirement has no invalidating effect upon partnership transactions, as a compliance at any time removes all prior disability.

No certificate is required under the act where the firm name is composed of the surnames of all persons interested as partners, since such a name is not fictitious, but sufficiently designates the partners' names.

(Opinion filed, April 9, 1908.)

Appeal from Circuit Court, Turner County. Hon., E. G. SMITH, Judge.

Action by J. W. Bovee and another, copartners, against A. K. De Jong. Judgment for plaintiff, and defendant appeals. Affirmed.

*Edwin Lewis Brown* (*Gaffy* & *Stephens, of counsel*), for appellant. *L. L. Fleeger,* for respondents.

FULLER, J. Respondents are residents of Parker, and constitute a partnership transacting business in that city under the name of Bovee & Morfitt, and the only point urged as a defense to this action is that they have never published and filed a certificate

stating their place of residence and names, in conformity with Sec. 1762 of the Revised Civil Code, which reads as follows: "Except as otherwise provided in the next section, every partnership transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners in such business must file with the clerk of the circuit court of the county or subdivision in which its principal place of business is situated, a certificate stating the names in full of all the members of such partnership, and their places of residence, and publish the same once a week for four successive weeks, in a newspaper published in the county, if there be one, and, if there be none in such county, then in a newspaper published in an adjoining county." As the omission has no invalidating influence upon what has been done, and the only penalty imposed by section 1764 for a violation of the requirement is the abatement of "any action on or on account of any contracts made or transactioans had in their partnership name" until a certificate is made and published, such compliance at any time, removes all disability as to prior and subsequent contracts or transactions. Heegaard v. Dakota Loan & Trust Co., 3 S. D. 569, 54 N. W. 656. The foregoing sections of our statute appear to have been adopted from California, where it is settled that no certificate is required where the firm name is composed of the surnames of all persons interested as partners. Pendleton v. Cline, 85 Cal, 142, 24 Pac. 659; Carlock v. Cagnacci, 88 Cal. 600, 26 Pac. 597. The full name of each individual member of a parnership transacting business under a fictitious name or style, or a designation that is obscure as to the membership, is likely to be of importance to the public, but the surnames of two men constituting a firm such as "Bovee & Morfitt" is sufficient in the way of notice to enable all interested persons to easily ascertain the initials or Christian names of the respective partners with whom they may have occasion to deal. The firm name under consideration is not fictitious, but designates the names of the persons interested as partners, and the statute requires nothing more.

The judgment appealed from is affirmed.