## BOLEN et al. v. LIGETT.

No. 4781.    Opinion Filed January 11, 1916.

(154 Pac. 547.)

1. **PARTNERSHIP — "Fictitious Name" — What Constitutes.** The adoption by a firm composed of two brothers of their surnames followed by the word "Bros.," as the name of the firm, is not the adoption of a "fictitious name, or a designation not showing the names of the persons interested as partners in such business," within the meaning of section 4469, Rev. Laws 1910 (section 5023, Comp. Laws 1909).

2. **PARTNERSHIP—Fictitious Name—Action on Contracts.** Section 4771, Rev. Laws 1910 (section 5025, Comp. Laws 1909), does not forbid a firm composed of two brothers, who have adopted as the partnership name their surnames, followed by "Bros.," from maintaining an action on or on account of any contracts made in their partnership name in any court of this state.

(Syllabus by the Court.)

*Error from County Court, Washita County;*
*L. R. Shean, Judge.*

Action by W. C. Bolen and Park Bolen, a copartnership doing business as Bolen Bros., against C. L. Ligett. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

*Massingale & Duff,* for plaintiffs in error.

*Rutherford Brett* and *Richard A. Billups,* for defendant in error.

SHARP, J.    This action was commenced December 28, 1911, to foreclose a chattel mortgage given as security for the payment of a promissory note executed by defendant to plaintiffs. The petition, among other things, alleged that plaintiffs were a copartnership doing business in Sentinel, Okla., under the firm name and style of

Bolen Bros.   Defendant answered, setting up as a defense that plaintiffs were transacting business in the State of Oklahoma under a fictitious name and designation not showing the names of the persons interested in said partnership, and had not filed with the clerk of the district court of Washita county, Okla., a certificate stating the names in full of the members of said copartnership and their place of residence, and caused the same to be published in some newspaper for four weeks in said county as required by law, and prior to the bringing of said action, and that there were newspapers published in said county of Washita at and prior to the filing of said action. At the trial, December 12, 1912, the parties entered into a stipulation that the members of the firm were W. C. Bolen and Park Bolen, and that they had never published any statement or filed any certificate in the office of the clerk of the district court as provided in sections 5023, 5025, Comp. Laws 1909 (sections 4469, 4471, Rev. Laws 1910). Defendant then moved to dismiss plaintiffs' action because of such failure to comply with the statute, which motion was by the court sustained, and from the judgment rendered in favor of defendant, plaintiffs bring error.

The sole question to be determined is whether it was incumbent upon W. C. Bolen and Park Bolen, doing business under the firm name of "Bolen Bros.," to comply with the statute above referred to before they could prosecute this cause of action against defendant; in other words, is "Bolen Bros." a fictitious name or designation within the meaning of section 5023, *supra?* The question has heretofore been before this court, with such conclusions reached that both parties to the present case are

asserting their respective contentions under different decisions.

In *Patterson et al. v. Byers,* 17 Okla. 633, 89 Pac. 1114, 10 Ann. Cas. 810, W. K. Patterson and N. H. Patterson were partners doing business as the Patterson Furniture Company, and, not having complied with the provisions of the statute, it was objected that they were doing business in violation of the statute, and could not prosecute the action. But the court said:

"Now, we think the name 'Patterson,' being the true surname of every member of the partnership known as the Patterson Furniture Company, can in no sense be said to be a fictitious name. And, under the ruling of the California Supreme Court in construing this statute, the word 'Patterson,' being the true surname of the members composing the Patterson Furniture Company, is a name that discloses the names of the members of the partnership, and that such a designation and doing business under such a title is not doing business under a fictitious name, or under a name which does not disclose the true names of the partners, and that partners doing business under such an appellation are not within the provisions of the sections referred to, and are not required to file and publish the certificate therein required."

Our statute was taken from California, and the decision in the above case was rested upon the cases of *Pendleton et al. v. Cline et al.,* 85 Cal. 142, 24 Pac. 659; *McLean v. Crow,* 88 Cal. 644, 26 Pac. 596; and *Guiterman v. Wishon,* 21 Mont. 458, 54 Pac. 566, construing a statute the same as that of California. The question in both of the California cases was somewhat different from the one here, in that the partnership name was made up of the names of the two members thereof. However, the principle announced was that a partnership name showing the surname only of the partners was not a fictitious name or

designation within the meaning of the statute, and it was not necessary that the partners file a certificate as provided in the statute. The facts in the Guiterman Case are very like those here presented. It was there held that Guiterman Bros., a copartnership composed of A. Guiterman, S. A. Guiterman, and L. A. Guiterman, was not a fictitious name, nor a designation not showing the names of the persons interested as partners in such business, within any reasonable meaning of the statute.

The doctrine announced in the Patterson Case has never been overruled by this court, notwithstanding the decision in *Baker v. Van Ness*, 25 Okla. 34, 105 Pac. 660 (in which no reference was made to the Patterson Case), as appears from the opinion in *Bleecker v. Miller*, 40 Okla. 374, 138 Pac. 809, where, after citing the Patterson Case and the cases upon which it was predicated, it is said of the decision in the Baker Case that, the plaintiff having failed and neglected to file a reply to the special defense of failure to comply with sections 5023, 5025, Comp. Laws 1909, the allegation of new matter in the answer being uncontroverted, and the same constituting a complete defense to the action, the court's action in rendering judgment in favor of plaintiff was contrary to law. It thus appears, in the view of the court in the latter case, the question in the Baker Case was one of pleading, and that there was no intention to depart from the earlier opinion of the court in the Patterson Case.

In *Carlock et al. v. Cagnacci*, 88 Cal. 600, 26 Pac. 597, where the firm name of the plaintiff partnership was Carlock & Robb, it being composed of F. M. Carlock and H. D. Robb, the court held that such partnership name was not a fictitious name nor a designation not showing the names of the partners, within the provisions of the

statute, and followed the decision in *Pendleton v. Cline,*
*supra.*   In *Vaughan v. Kujath,* 44 Mont. 484, 120 Pac.
1121, the action was brought to recover on a promissory
note signed by defendants and others in favor of "Mc-
Laughlin Bros."; the note having been transferred by the
latter to the plaintiff.   The only defense interposed by
defendants was that "McLaughlin Bros.," the payee in
the note, was a designation not showing the names of the
persons interested as partners in the business conducted
by it, and that such partnership had not complied with
the provisions of the statute as to filing and publishing
certificate showing the names of the members in full.   It
was held that the name "McLaughlin Bros." did not come
within the statute.   In *Walker et al. v. Stimmel,* 15 N. D.
484, 107 N. W. 1081, the partnership name of the plain-
tiffs was Walker & Korthof, which the court held not to
to be a fictitious name, nor a designation failing to show
the names of the two parties interested as partners.   In
*Bovee et al. v. De Jong,* 22 S. D. 163, 116 N. W. 83, the
partnership name considered was Bovee & Norfitt, and it
was held that such name, being the surnames of the two
men constituting the firm, was sufficient notice to enable
all interested persons to easily ascertain the initials or
Christian names of the respective partners with whom
they might deal, and that such name was not fictitious.   In
*Czatt v. Case et al.,* 61 Ohio St. 392, 55 N. E. 1004, the
firm name, Case & Taylor, was composed of the surnames
of the two members of the firm, and it was held that such
name was not a fictitious name or designation not show-
ing the names of the persons who constituted the firm,
within the meaning of the statute of that state.   In *Axe*
*et al. v. Tolbert et al.,* 179 Mich. 556, 146 N. W. 418, the
firm name of the plaintiffs was William Axe & Son, and

it was held that there was nothing fictitious or mislead-
ing or uncertain in the name, but, on the other hand, it
gave the full names of the head of the firm, and plainly
disclosed the identity of the other member.    In *Cross
et al. v. Leonard*, 181 Mich. 24, 147 N. W. 540, it was
held that the adoption as a firm name by a partnership
composed of two brothers of their surname, followed by
the word "Bros.," was not an "assumed name" within the
provisions of the Michigan statute prohibiting the carry-
ing on of any business under an assumed name, unless a
certificate showing the real names of the parties was filed.
In *Castle Bros. v. Graham*, 87 App. Div. 97, 84 N. Y.
Supp. 120, affirmed in 180 N. Y. 553, 73 N. E. 1120, the
action was brought to recover the balance of the price of
work done for defendant by the firm of Castle Bros.,
which assigned its claim to the plaintiff, a corporation.
The firm was composed of two brothers named Castle,
and it was held that the name "Castle Bros." was not
within the section of the Code providing that no person
or persons should carry on business under an assumed
name, or under any designation other than the real names
of the individuals, unless they filed a certificate setting
forth the name under which the business was to be con-
ducted and the true names of the persons conducting it.
In *Hale et al. v. City Cab, Carriage & Transfer Co.*, 66
Wash. 459, 119 Pac. 837, the name "Hale-Tindall Com-
pany," which name contained the names of all the part-
ners, was held not to be an assumed name, within the
statute requiring that a certificate be filed of the names
of all the members of a partnership doing business under
an assumed name.

From the above cases it must be concluded that a
partnership doing business under the firm name and style

of Bolen Bros. was not transacting business under a fictitious name or designation, when composed of persons whose names were Bolen, and who were brothers, such as would make the doing of business by it without compliance with the statute, in violation of law, or preclude them as partners from recovering in the present action should they establish their claim. An excellent case supporting this conclusion is *In re Richards Bros.* (D. C.), 206 Fed. 932. There, after making special mention of the *Pendleton v. Cline* Case, it was said:

"The courts of Oklahoma, South Dakota, and North Dakota followed the reasoning of the California court in *Pendleton v. Cline, supra. Patterson v. Byers,* 17 Okla. 633, 89 Pac. 1114, 10 Ann. Cas. 810; *Bovee v. De Jong,* 22 S. D. 163, 116 N. W. 83; *Walker v. Stimmel,* 15 N. D. 484, 107 N. W. 1081. The Ohio court, after certain conflicting decisions between the inferior courts, finally decided this matter in *Cochran v. Hirsch,* 6 Ohio Dec. 41, holding that the style 'Hirsch Bros.' was not a fictitious name. In this case the Ohio court again cites with approval the California case of *Pendleton v. Cline, supra.* After the courts of all these other states, with statutes similar to California, had followed the case of *Pendleton v. Cline,* and had assumed that, if a man by the name of Williams could do business under the name of 'Pendleton & Williams' without violating the statute, two brothers could do business in their surname with the word 'Bros.' added, then in 1902 came the decision in the California Supreme Court in *North v. Moore,* 135 Cal. 621, 67 Pac. 1037, holding that the name 'Abrams Bros.' was a violation of the California statute, and that it did not show the names of the persons interested as partners. It is a very brief opinion. No argument nor reasons are given for the results reached. Absolutely no reference is made to their own opinion in *Pendleton v. Cline* and the other decisions of their own court, and in numerous other states which had followed *Pendleton v. Cline.* A careful reading

of the case of *North v. Moore, supra,* indicates that no one appeared before the court to represent the appellant, and that the decision of the lower court was affirmed on the supposition that the appeal from the order of the lower court had been abandoned. There is nothing in this case to indicate that there was any intention on the part of the California court to change the rule laid down in *Pendleton v. Cline,* and there is nothing in this decision which should change the uniform holding of the courts that names like 'Richards Bros.' are not assumed or fictitious."

It follows that the trial court erred in sustaining the defendant's motion to dismiss plaintiffs' petition, for which the cause is reversed and remanded.

All the Justices concur.