## APPEAL OF H. J. BARTRON.

Docket No. 2721.    Submitted September 1, 1925.    Decided April 19, 1926.

In 1911 the taxpayer and Mary C. Horigan entered into an oral partnership agreement for the operation of a hospital. Shortly thereafter the parties were married. Both continued to devote their services and energies to the conduct of the hospital. *Held*, that a partnership existed between the taxpayer and his wife during the years 1919 and 1920.

*Morris D. Kopple, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before SMITH, JAMES, LITTLETON, and TRUSSELL.

The taxpayer appeals from a determination of deficiencies in income tax for the years 1919 and 1920 in the amounts of $4,459.88 and $241.88, respectively. The question in issue is whether an ordinary partnership existed between the taxpayer and his wife during the years 1919 and 1920.

### FINDINGS OF FACT.

The taxpayer was licensed to practice as a physician and surgeon in 1906. In 1909 he located in Watertown, S. Dak. The hospital facilities of the place at the time were very poor, and, soon after locating in Watertown, the taxpayer arranged with one Doctor Jones, an osteopath, to establish a hospital, which became known as the Watertown Sanitarium and Hospital. Mary C. Horigan was the superintendent and head nurse at the hospital. The taxpayer had no property at the time and Doctor Jones financed the hospital. Jones became ill in the early part of 1911, and, when it became evident that he would live but a short time, the taxpayer advised Mary C. Horigan that owing to his financial condition he could not continue to run the hospital unless she would enter into a partner-

ship with him for the operation of it. This she consented to do. The agreement was that both would devote their services to the hospital and that each should have a one-half interest in the profits. Both parties were without financial resources. The taxpayer had his training as a physician and surgeon and Mary C. Horigan had her training as a graduate nurse. The taxpayer had some equipment for his office and Mary C. Horigan had some furniture. Doctor Jones died on April 24, 1911. The taxpayer and Mary C. Horigan were married on May 24, 1911. Prior to the time of entering into the partnership agreement Mary C. Horigan had received a salary as superintendent of the hospital. After the partnership agreement was entered into no salary was received by either Mary C. Horigan or by the taxpayer, and all receipts were used to meet necessary expenses. Any profits that accrued were used in the business of the hospital. At some time prior to 1914 a parcel of land was purchased by the taxpayer and his wife from partnership funds, the title to the land being taken in the name of Mary C. Bartron. During all the years following her marriage, up to and including 1920, Mary C. Bartron continued as superintendent and manager of the hospital, directing nursing, giving anesthetics, taking charge of post operative dressings, purchasing supplies, and attending to the business details of the running of the hospital.

After the death of Doctor Jones the name of the hospital was changed, first to Bartron Sanitarium, then Bartron Hospital, and later, after additional physicians and surgeons had been hired, to Bartron Hospital Clinic. All of the income of the hospital during this period was deposited in a bank account kept in the fictitious name of the partnership. Checks in the name of the partnership were drawn either by the taxpayer or by Mary C. Bartron. The fact that the hospital was operated as a partnership was not generally advertised, although it was known to the officials of the bank in which the taxpayer's money was deposited. As the business and the profits of the hospital increased a portion of the profits was invested in stocks, bonds, and in other property. Sometimes the title was taken in the name of the taxpayer and sometimes in the name of Mary C. Bartron. Only one set of books was kept for the hospital, and receipts from investments standing in the name of either the taxpayer or Mary C. Bartron were entered upon the books the same as receipts from hospital patients.

When it became necessary to make out income-tax returns for 1917 the taxpayer sought the assistance of a deputy collector by the name of Casey. He was told of the partnership existing between the taxpayer and his wife. Inasmuch as he had no partnership blanks at the time, he made out a return for the taxpayer showing

104881—27——83

the receipt of a salary equal to one-half of the net profits from all sources, and made out a return for Mary C. Bartron showing the receipt of an amount of income equal to that returned by the taxpayer as salary but designated as profits from the hospital. Separate returns were filed for the years 1918 and 1919 in a similar manner, but a joint return was filed for 1920. These returns were all made under the direction of deputy collectors. In December, 1921, a revenue agent advised the taxpayer, after an examination of the books of account, that partnership returns should have been filed for all years.

OPINION.

SMITH: There is no prohibition in the statutes of South Dakota against husband and wife entering into a valid partnership agreement. Section 171 of the Revised Code of South Dakota, 1919, in effect during the years 1919 and 1920, provides:

Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might, if unmarried, subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other.

The statutes also provide that where a partnership is conducted under a fictitious name, the names of the partners shall be filed with proper county authorities, but the Supreme Court of the State has held in the case of *Bovee* v. *DeJong*, 22 S. D. 163; 116 N. W. 83, " that a noncompliance with the requirement has no invalidating effect upon partnership transactions, as a compliance at any time removes all prior disability."

We can not doubt from the evidence of record that the taxpayer and Mary C. Horigan, who later became the taxpayer's wife, entered into a partnership agreement for the conduct of a hospital at Watertown, S. Dak., in the spring of 1911, prior to the date of their marriage on May 24, 1911. The marriage of the parties did not necessarily dissolve the partnership. It apparently was the intention of both parties that the partnership should continue. We think that the evidence proves the existence of a partnership between the taxpayer and his wife, Mary C. Bartron, during the years 1919 and 1920, and that the tax liability of each should be determined upon the basis that each one had a distributive share in the earnings of the partnership of one-half of the total.

*Order   of redetermination will be entered on 15 days' notice, under Rule 50.*