GRACE WHITNEY HOFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31271. Promulgated June 16, 1930.

*Raymond N. Beebe, Esq.*, for the petitioner.
*Arthur Clark, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: This proceeding involves deficiencies in income tax of $3,864.77 for 1923, $6,578.99 for 1924, and $9,194.95 for 1925. Petitioner, as settlor, denies her tax liability on income of a trust. The facts are stipulated as follows:

Prior to September 12, 1923, the petitioner was the owner of 7,500 shares of the capital stock of Parke, Davis & Company, a Michigan corporation. On September 12, 1923, petitioner conveyed to David C. Whitney, as trustee, the said 7,500 shares of capital stock of Parke, Davis & Company, and on said date the said David C. Whitney executed the following declaration of trust defining the terms of his ownership of the said shares of stock.

KNOW ALL MEN BY THESE PRESENTS, That I, DAVID C. WHITNEY, of Grosse Pointe Farms, Michigan, hold 7,500 shares of the capital stock of Parke, Davis & Co., a Michigan Corporation, evidenced by the following certificates, viz: A–20470

### IN TRUST

for the following purposes, that is to say,—

1. To hold possession thereof and vote the same at all corporate meetings in the same manner as stock of which I am the owner is, or shall be, voted;

2. To collect and receive all dividends thereon, ordinary and extraordinary, cash, stock, scrip, or otherwise;

3. To pay to Elaine Hoff Labouchere, out of said dividends, as received by me, an annual income up to $15,000 in monthly instalments of at least $1,000 per month, commencing upon the first day of each month after receipt thereof by me, PROVIDED, nevertheless, that all disbursements of income hereunder shall be subject to such instructions as Grace Whitney Hoff may from time to time give me in writing.

4. To use any surplus income as the parents of said Elaine may direct.

5. To accumulate so much of said income as I deem best as a reserve for taxes or assessments upon said shares, or on account of the income and profits thereof, or for the general protection and welfare of said shares and the interests of my family in said corporation.

6. During the lifetime of said Grace Whitney Hoff, or within twenty-one years thereafter, to transfer said shares as she may request, or, failing such request, to transfer them, with all accumulations, to the children of said Elaine, share and share alike.

IN WITNESS WHEREOF, I have to this Declaration of Trust, subscribed my name and affixed my seal, at Detroit, Michigan, this Twelfth day of September, 1923.

DAVID C. WHITNEY   (L. S.)

Said David C. Whitney collected and received, as trustee, income from said trust during the years and in the amounts set forth as follows, to wit:

| Year | 1923 | 1924 | 1925 |
|---|---|---|---|
| Dividends | $3,750.00 | $37,500.00 | $45,000.00 |
| Interest | | 127.22 | 223.46 |
| Total | 3,750,00 | 37,627.22 | 45,223.46 |

Disbursements were made by said trustee during the years and in the amounts set forth as follows, to wit:

### 1923

To Elaine Hoff Labouchere, dividends _____ $3,750.00

### 1924

To Elaine Hoff Labouchere, dividends _____ $15,000.00
To Grace Whitney Hoff, Petitioner, dividends _____ 17,000.00

### 1925

To Elaine Hoff Labouchere, dividends _____ $35,000.00
To Grace Whitney Hoff, Petitioner, dividends _____ 10,000.00

The balance of said income received by said trustee during the years 1924 and 1925 was retained by him as trustee.

Of the income of said trust as aforesaid the following amount was reported as taxable by the petitioner, 1924, $17,000.

In his deficiency notice the Commissioner included as taxable income to the petitioner all of the income above set forth as received by the trustee from said trust.

This stipulation is without prejudice to the right of the Commissioner of maintaining that all or any portion of the aforesaid income is taxable to the petitioner during the years received by the trustee and is without prejudice to the right of the petitioner of maintaining that said income or any portion thereof is not taxable during said years.

Although much of the argument is directed to the question whether the instrument evidences a revocable trust, the true question is whether the income received by the trustee in 1923 is taxable to the settlor under the Revenue Act of 1921, and that of 1924 and 1925, under the Revenue Act of 1924. There is little room for doubt that the petitioner had full power under the instrument to control both the corpus and the income to the extent of revesting herself of the

corpus by requesting the transfer thereof to herself under paragraph 6, and of instructing the trustee under section 3 to disburse the income to her. The Revenue Act of 1924, by section 219 (g) (h), required the income of the trust to be included in the taxable income of the petitioner, and this is constitutional. *Corliss* v. *Bowers*, 281 U. S. 376. And it is clear from the Supreme Court's opinion that, irrespective of the special provisions of the 1924 Act, such control by the petitioner over the income has the effect of constituting the income her own and taxable to her. Thus the provisions of section 219 (g) and (h) of the 1924 Act are to this extent declaratory of the existing law by which the earlier statute of 1921 must be interpreted, and without such provisions in the 1921 Act the income of 1923 is nevertheless taxable to petitioner.

*Judgment will be entered for the respondent.*